IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| **GREAT WEST CASUALTY COMPANY,** as subrogee of **CHICAGO LOGISTICS, LLC,** | ) ) ) | |
| Plaintiff, | ) ) | No. 08-CV-2872 |
| v. | ) ) | Judge Joan H. Lefkow |
| **VOLVO TRUCKS NORTH AMERICA, INC.,** | ) ) ) ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

Volvo Trucks North America ("Volvo") moves to dismiss Count IV of the complaint filed by Great West Casualty ("Great West"), a subrogee of Chicago Logistics, LLC ("Chicago Logistics"). Great West's complaint asserts claims for strict products liability (Count I), negligence (Count II), breach of express warranty (Count III), and breach of the implied warranties of fitness and merchantability (Count IV). Volvo moves to dismiss Count IV pursuant to Fed. R. Civ. P. 12(b)(6), arguing that Great West fails to state a claim on which relief can be granted because it effectively disclaimed the implied warranties at issue via the express warranty documents provided at the point of purchase. The parties are completely diverse[1] and the amount in controversy exceeds $75,000; thus, jurisdiction is proper under 28 U.S.C. §1332. For the following reasons, Volvo's motion to dismiss Count IV [#18] will be granted.

---

[1] Plaintiff Great West is a Nebraska corporation with a principal place of business located in South Sioux City, Nebraska. Defendant Volvo is a Delaware corporation with principal place of business in Greensboro, North Carolina.

1

**LEGAL STANDARD**

A defendant may bring a motion under Rule 12(b)(6) to dismiss a complaint for failure to state a claim on which relief may be granted. *EEOC* v. *Concentra Health Servs., Inc*., 496 F. 3d 773, 776 (7th Cir. 2007). For the purposes of a Rule 12(b)(6) motion, the court takes as true all well-pleaded allegations in the plaintiff's complaint and draws all reasonable inferences in favor of the plaintiff. *Jackson* v. *E.J. Brach Corp*., 176 F.3d 971, 977-978 (7th Cir. 1999). In order to survive a motion under Rule 12(b)(6), the complaint must describe the claim in sufficient detail to give the defendant "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic* v. *Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) (internal quotations omitted) (quoting *Conley v. Gibson*, 355 U.S. 41, 47, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957)). A plaintiff is obliged to "provide the grounds of his entitlement to relief" which "requires more than labels and conclusions." *Id*. (internal quotations omitted). In other words, the allegations must be "enough to raise a right to relief above the speculative level." *Id*. (citing Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* §1216, at 235-36 (3d ed. 2004)).

**BACKGROUND**

Great West's claim arises from a fire in a commercial truck which Chicago Logistics, Great West's insured, purchased from Volvo in December 2005. At that time, a representative of Chicago Logistics received two written warranties, a Standard Truck Warranty Certificate ("Truck Warranty") and a purchased Extended Volvo Engine Coverage Certificate ("Engine Warranty"). Receipt of the warranty documents was acknowledged by the representative who signed Volvo's Warranty Registration on January 9, 2006.

The front of the Truck Warranty and the reverse of the Engine Warranty both contain the following disclaimer, set off in boxes and printed in capital letters:

> THIS WARRANTY IS EXPRESSLY IN LIEU OF ALL OTHER WARRANTIES AND REPRESENTATIONS OR CONDITIONS, STATUTORY OR OTHERWISE, EXPRESSED OR IMPLIED, INCLUDING, BUT NOT LIMITED TO, IMPLIED WARRANTY OF MERCHANTABILITY OR FITNESS FOR A PARTICULAR PURPOSE.

Def.'s Mot., Ex. A at 1, 4. In both instances, the type is larger than the surrounding text. The front of the Engine Warranty also contains a provision in capital letters, set off from the surrounding text by a box, directing the reader to: "SEE REVERSE SIDE FOR IMPORTANT LIMITATIONS AND EXCLUSIONS." *Id*. at 3.

In addition to the disclaimers found in the express warranties, the first paragraph of the Warranty Registration, the authenticity of which Great West does not challenge, states:

> This warranty is an agreement between the purchaser and Volvo Trucks North America, Inc., and the selling authorized Volvo Dealer. Warranty protection is an essential part of our offer to sell. We urge every prospective buyer of a Volvo vehicle to carefully read the warranty terms and conditions set forth on the warranty certificate. NO OTHER WARRANTIES, EXPRESSED OR IMPLIED, INCLUDING MERCHANTABILITY OR FITNESS FOR A PARTICULAR PURPOSE, ARE GIVEN BEYOND THOSE SET FORTH THEREIN.

*Id*. at 5.

## DISCUSSION

**I.      Whether the Truck and Engine Warranties Submitted with Volvo's Motion to Dismiss May Be Considered.**

As a threshold matter, the court must decide whether the warranty documents attached by Volvo to its motion to dismiss may be incorporated into the complaint. Although a motion to dismiss is usually based solely on the allegations of the complaint, "the bar on considering matters outside the pleadings is not absolute." *Cont'l Cas. Co.* v. *Am. Nat'l Ins. Co.*, 417 F.3d 727, 731 n.3 (7th Cir. 2005). Rule 10(c) permits the court to consider "a limited class of

attachments to Rule 12(b)(6) motions that are central to the plaintiff's claim, especially where the court must interpret a contract to determine whether the plaintiff stated a claim." *Id.* (internal quotations omitted) (citing *Rosenblum* v. *Travelbyus.com Ltd.*, 299 F.3d 657, 661 (7th Cir. 2002)); *accord Wright* v. *Associated Insurance Companies*, *Inc.*, 29 F.3d 1244, 1248 (7th Cir. 1994) (same); Venture Associates Corp. v. *Zenith Data Systems*, 987 F.2d 429, 431 (7th Cir. 1993) (same). The warranty documents are central to Great West's claims, as Count III states a claim for breach of express warranty, and Great West relies on the warranty documents to argue against Volvo's motion to dismiss the breach of implied warranty claim. Furthermore, and in response to Great West's argument that the warranty documents are not properly authenticated because Volvo failed to submit an affidavit of a representative purporting to do so, Pl.'s Resp. at 8, Volvo submitted the Affidavit of Heino W. Scharf with its reply which states that the Truck and Engine Warranties attached by Volvo are true and accurate copies of those given to purchasers of the commercial truck at issue. *See* Ex. A to Def.'s Reply at ¶¶ 2-3. Accordingly, the court will consider the warranty documents in ruling on Volvo's motion to dismiss.

II.     **Whether the Truck and Engine Warranties Effectively Disclaim the Implied Warranties of Merchantability and Fitness for a Particular Purpose.**

Volvo argues that the Truck and Engine Warranties provided to Great West when it purchased the commercial truck are sufficient to disclaim the implied warranties of merchantability and fitness for a particular purpose. Great West contends they are not. The Uniform Commercial Code ("UCC") governs the sale of goods in Illinois and permits parties to exclude implied warranties at the time of sale when certain conditions are met. To that end, the UCC provides that "to exclude or modify the implied warranty of merchantability or any part of it the language must mention merchantability and in case of a writing must be conspicuous, and to exclude or modify any implied warranty of fitness, the exclusion must be by a writing and

4

conspicuous." 810 Ill. Comp. Stat. 5/2-316(2). The UCC defines conspicuous terms to include "language in the body of a record or display in larger type than the surrounding text, or in contrasting type, font or color to the surrounding text of the same size, or set off from surrounding text of the same size by symbols or other marks that call attention to the language." 810 Ill. Comp. Stat. 5/1-201(10)(B); *see also R.O.W. Window Co.* v. *Allmetal, Inc.*, 856 N.E.2d 55, 59, 367 Ill. App. 3d 749, 305 Ill. Dec. 523 (Ill. App. Ct. 3d Dist. 2006) (the determination of whether a clause is conspicuous is a legal issue and the court should consider whether "attention can reasonably be called to the term or clause").

### A. The Truck Warranty

Great West argues that the Truck Warranty disclaimer does not effectively disclaim the implied warranties because it is not in bold and because it is found at the bottom of the page. Pl.'s Resp. at 2-3. Illinois law, however, does not require that disclaimers be in bold and located at the top of the page to be effective. Rather, Illinois courts have ruled that disclaimers printed in capital letters and set off from the surrounding text are conspicuous. *See*, *e.g.*, *Bell Fuels Inc.* v. *Lockheed Elecs. Co.*, 474 N.E. 2d 1312, 1317, 130 Ill. App. 3d 940, 946, 86 Ill. Dec. 115, 120 (Ill. App. Ct. 1st Dist. 1985) (disclaimer of the implied warranty of merchantability is conspicuous where it is set apart from express warranty text by its own paragraph and printed in capital letters); *Rothe* v. *Maloney Cadillac, Inc.*, 492 N.E.2d 497, 503, 142 Ill. App. 3d 937, 97 Ill. Dec. 61 (Ill. App. Ct. 1st Dist. 1986) (disclaimer of implied warranty of merchantability is conspicuous where it appeared in three separate places in the contract, twice set off in boxes, one of which employed large bold print and the other, italics), *rev'd on other grounds*, 518 N.E.2d 1028, 119 Ill. 2d 288, 116 Ill. Dec. 207 (1988).

Relying on *L&S Heath & Son* v. *T Info. Sys.*, 9 F.3d 561, 571 (7th Cir. 1993), Great West argues that the Volvo disclaimers are ineffective because the disclaimer that the Seventh Circuit found conspicuous in that case had a bold face heading entitled "Warranty Exclusions." Pl.'s Resp. at 2-3. Great West's position that the Volvo disclaimer is ineffective because it is not in bold face type is unpersuasive (1) because *L&S* Heath does not require that disclaimers be in bold face type to be conspicuous but states that "[i]n general, a disclaimer is conspicuous if it is *larger print or otherwise appears in contrasting type or color*;" and (2) because the disclaimer in this case is in fact in bold face type. Thus, finding that the Volvo disclaimer is conspicuous because it is in bold, in larger print than the surrounding text and set off by boxes is consistent with the Seventh Circuit's ruling in *L&S Heath.*

Great West further argues that the disclaimer is made less conspicuous because it is located at the bottom of the Truck Warranty. This argument is also unavailing because, as Volvo points out, Great West has presented no case law in support of the proposition that a warranty disclaimer is made less conspicuous if it is not located at the top of the page. Regardless of its location at the bottom of the page, the disclaimer contained in the Truck Warranty is conspicuous for the reasons discussed above and effectively disclaims the implied warranties of merchantability and fitness for a particular purpose.

B. **The Engine Warranty**

Great West argues that even if the Truck Warranty disclaimer is conspicuous, the Engine Warranty disclaimer is not because it is located on the reverse side.[2] Illinois courts have found that disclaimers that are not located on the first page of the warranty document are effective if the front side reference to the disclaimer is conspicuous. *See*, *e.g.*, *Allmetal*, 856 N.E.2d at 753-

---

[2]The disclaimer contained in the Truck Warranty is identical in language and appearance to that contained in the Engine Warranty.

6

54 (disclaimer contained in a product catalogue is conspicuous where the front of the product catalogue contains a table of contents listing "Terms and Conditions of Sale" as a section therein and where that section includes a conspicuous disclaimer); *Bowers Mfg. Co.* v. *Chi. Mach. Tool Co.*, 435 N.E.2d 61, 66-67, 117 Ill. App. 3d 226, 72 Ill. Dec. 756 (Ill. App. Ct. 2d Dist. 1983) (disclaimer contained on a warranty card is conspicuous where the face of the card signals that the "complete warranty contract" was on the reverse side). In this case, the front of the Engine Warranty contains the language "SEE REVERSE SIDE FOR IMPORTANT LIMITATIONS AND EXCLUSIONS" which is set off by a box at the top of the page and is in larger print than the surrounding text. This reference is conspicuous and adequately signals the reader to inspect the reverse side for a disclaimer.[3] Thus, like the Truck Warranty, the Engine Warranty effectively disclaims the implied warranty of merchantability and fitness for a particular purpose.[4]

---

[3]Great West relies on *Anderson* v. *Farmers Hybrid Cos*. to argue that the disclaimer on the reverse of the Engine Warranty is not conspicuous. 408 N.E.2d 1194, 87 Ill. App. 494, 42 Ill. Dec. 485 (Ill. App. Ct. 3d Dist. 1980). The facts of *Anderson* are distinguishable from those in this case, however, because there the disclaimer was located on the back of an order confirmation slip which "gave the appearance of being merely a standard order form without more," and the language which directed the reader to the back was in the middle of the page set out in small, lower case print. *Id.* at 1200. Here, the reference to the disclaimer is far more conspicuous because it is located on a warranty document, entitled "STANDARD VOLVO ENGINE WARRANTY CERTIFICATE," where one would expect to find a disclaimer. Moreover, the reference to the reverse side stands out because it is capitalized, in larger print than the rest of the text and is set off by a box.

[4]This court's ruling that both the Truck and Engine Warranties are conspicuous is consistent with Judge Lindberg's recent opinion in *Napoleon Express, Inc.* v. *Volvo Trucks North America, Inc*., No. 08 C 390, 2008 U.S. Dist. LEXIS 54627, at *5-6 (N.D. Ill. July, 17, 2008) in which the court found that the same warranties at issue in this case contained effective disclaimers of the implied warranty of merchantability and fitness for a particular purpose.

### C. Unconscionability of the Truck and Engine Warranties

Great West argues that it should be able to take discovery to determine whether the Truck and Engine Warranties are unconscionable.[5] Great West relies on *FMC Finance Corp.* v. *Murphree*, 632 F.2d 413 (5th Cir. 1980), to argue that this court should allow discovery of the circumstances at the time of sale in order to determine whether they are unconscionable. *FMC Finance* does not stand for that proposition, however, because the buyers raised their unconscionability argument for the first time on appeal of a directed verdict. *Id.* at 419. Instead, FMC stands for the proposition that, "while Illinois courts will readily apply the unconscionability doctrine to contracts between consumers and skilled corporate sellers, they are reluctant to rewrite the terms of a negotiated contract between businessmen." *Id.* at 421. Accordingly, the court in *FMC Finance* rejected the buyers' unconscionability argument because the transaction at issue was commercial in nature and did not appear to involve any grossly disparate bargaining power.

Like the appellants in *FMC Finance*, Great West has failed to make any allegations in its complaint that would substantiate its unconscionability argument. Indeed, Great West's complaint implies that the warranty disclaimer is not unconscionable because this case allegedly involves a commercial transaction conducted by businessmen. The complaint states that the purchase of the commercial truck was undertaken by Chicago Logistics, an Illinois limited liability company. Compl. ¶ 3. Moreover, Great West does not dispute that one of Chicago Logistics's representatives, Scott Cordin, was present at the time of the sale and signed the Warranty Registration, which not only urges the purchaser of the vehicle to "carefully read the

---

[5]To determine whether a contract is unconscionable, a court considers "whether the contract gives rights and duties to both parties, whether the contract's provisions favor one party over the other, and whether the parties were of equal bargaining power." *Rush Bev. Co.* v. *S. Beach Bev. Co.*, No. 01 C 5684, 2002 U.S. Dist. LEXIS 23486, *29-30 (N.D. Ill. Dec. 5, 2002).

warranty terms and conditions set forth on the warranty certificate" but states in capital letters "NO OTHER WARRANTIES, EXPRESS OR IMPLIED, INCLUDING MERCHANTABILITY OR FITNESS FOR A PARTICULAR PURPOSE, ARE GIVEN BEYOND THOSE SET FORTH HEREIN."  Pl.'s Resp. at 8.  Because the transaction at issue in this case was between two business entities, there is no indication that the parties were of unequal bargaining power. *Twombly* requires more than Great West's mere speculation that discovery might reveal grounds for such allegations; to be sufficiently pled, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 555.  Accordingly, Great West has failed to make allegations sufficient to warrant discovery on this issue.

## CONCLUSION AND ORDER

For the foregoing reasons, Volvo's motion to dismiss Count IV of Great West's complaint [#18] is granted.  Count IV of the complaint dismissed with prejudice.

February 13, 2009         Enter: _____
                                 JOAN HUMPHREY LEFKOW
                                 United States District Judge