**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

GREAT WEST CASUALTY COMPANY, as
subrogee of CHICAGO LOGISTICS, LLC

        Plaintiff,

        v.

VOLVO TRUCKS NORTH AMERICA, INC.,

        Defendant.

No. 08 CV 2872
The Honorable Joan Humphery Lefkow
Magistrate Judge Morton Denlow

**<u>DEFENDANT'S MOTION TO VACATE AUGUST 7, 2009 ORDERS</u>**

Defendant, Volvo Trucks North America, Inc. ("Volvo Trucks"), by its attorneys, Charles A. LeMoine, Daniel M. Noland, and Ryan C. Williams of DYKEMA GOSSETT, PLLC, and for its Motion to Vacate August 7, 2009 Orders, states:

**A. <u>INTRODUCTION</u>**

On August 7, 2009, this Court granted Plaintiff's Motion to Revise Scheduling Order and Extend Discovery Schedule [DE 44] and referred this matter to the calendar of the Honorable Morton Denlow for discovery supervision [DE 45]. In said motion, Great West Casualty Company ("Great West") failed to show good cause for an extension of the discovery schedule and improperly attempted to blame Volvo Trucks for its own lack of diligence in pursuing non-expert discovery. While the timing of Volvo Trucks responses to written discovery was the stated basis for seeking an extension, Volvo Trucks served answers to Great West's interrogatories on June 1, 2009 and responses to Great West's request to produce on June 5, 2009, providing Great West *two months* to address any issues it supposedly has with Volvo Trucks' responses to its written discovery. During this two month time period, Great West did not once attempt to engage in a Rule 37 conference with counsel for Volvo Trucks, or otherwise

pursue any perceived deficiency in Volvo Trucks' responses to written discovery, likely because Volvo Trucks' answers are not deficient. Nor has Great West raised any other basis to extend the discovery closure date. Therefore, this Court's August 7, 2009 orders should be vacated and Great West's motion should be denied in its entirety.

Furthermore, the reasons provided by Great West to this Court to obtain an extension of the non-expert discovery cutoff date appear to be pretextual. The only stated basis to extend the discovery cutoff in Great West's motion to revise scheduling order was the perceived deficiency in Volvo Trucks' responses to written discovery. [DE 42]. Great West made absolutely no mention of a need to take any depositions of Volvo Trucks personnel. However, on August 10, 2009, Volvo Trucks received in the mail from Great West three notices of deposition for Heino Scharf, Tim Lafon, and a Rule 30(b)(6) notice of deposition. Great West's motion to extend the discovery schedule was silent as to these three depositions, leaving the Court with the impression that the only outstanding issue was Volvo Trucks' responses to written discovery. [Dkt. 42]. However, the issue is now clearer. There is nothing about Volvo Trucks' responses to written discovery that required a discovery extension. Rather, the issue is that Great West failed to notice a single deposition during non-expert discovery, realized it wanted to take depositions after non-expert discovery had closed, needed an excuse from this Court to extend non-expert discovery, and manufactured an excuse with respect to Volvo Trucks two month old responses to written discovery to obtain its extension. Respectfully, Volvo Trucks submits Great West has submitted no legitimate reason to extend the non-expert discovery cutoff.

## B. BACKGROUND AND ARGUMENT

This matter arises from a truck fire caused by Chicago Logistics, LLC's ("Chicago Logistics") failure to respond to safety recall notices sent by Volvo Trucks. On August 3, 2009, Great West filed its Motion to Revise Scheduling Order and Extend Discovery Schedule. [DE

42]. Great West's motion was noticed to be heard on August 11, 2009. [DE 43]. Counsel for Volvo Trucks was in the process of preparing a written response to Great West's motion in advance of the August 11, 2009 hearing. However, on August 7, 2009, this Court granted Great West's motion [DE 44] and referred this matter to the calendar of the Honorable Morton Denlow for discovery supervision [DE 45].

Volvo Trucks respectfully submits that this Court's August 7, 2009 orders should be vacated because Great West has failed to show good cause to extend the non-expert discovery closure date. Great West asserts in its motion that its lack of diligence is somehow the fault of Volvo Trucks and that the parties are at a "standoff" as to Volvo Trucks' responses to Great West's written discovery. Great West's assertions are inaccurate.

In order to limit written discovery and define the relevant issues in this matter, Volvo Trucks attempted to enter into a stipulation with Great West regarding the origin of the truck fire. Volvo Trucks orally made this offer to stipulate in early April. In light of this possible stipulation, and to allow depositions subpoenaed by Volvo Trucks to proceed, on April 14, 2009, counsel for Volvo Trucks provided counsel for Great West all documents that they had received from Volvo Trucks and various dealerships where Chicago Logistics' trucks were taken. (*See* Volvo Trucks' correspondence dated April 14, 2009 attached to Plaintiff's motion as Exhibit B). After not receiving further word from Great West regarding the proposed stipulation, Volvo Trucks again pursued the stipulation with correspondence dated April 29, 2009. (*See* Volvo Trucks' April 29, 2009 correspondence attached hereto as Exhibit A). Despite counsel for Volvo Trucks expressly stating that one purpose of this proposed stipulation was to limit the need for written discovery, counsel for Great West, in correspondence dated May 8, 2009, requested that Volvo Trucks respond to Great West's written discovery in its entirety. (*See* Great West's

correspondence dated May 8, 2009 attached to Plaintiff's motion as Exhibit C). Contrary to the purpose of the proposed stipulation, Volvo Trucks answered Great West's written discovery in its entirety. Volvo Trucks served answers to Great West interrogatories on June 1, 2009 and served documents in response to Great West's request to produce on June 5, 2009. (*See* Volvo Trucks' correspondence dated June 1, 2009 and June 5, 2009 attached hereto as Exhibits B and C respectively). With non-expert discovery closing on August 3, 2009, Great West had two months to address any issues it has with Volvo Trucks' responses to its written discovery. Counsel for Great West chose not to do so.

Great West attempts to characterize Volvo Trucks' responses to Great West's written discovery as "incomplete" and states that the parties are at "standoff" regarding Great West's written discovery. These assertions are without merit because in order to have a "standoff," counsel for Great West would have first needed to contact and inform counsel for Volvo Trucks of any issue it had with Volvo Trucks' discovery responses. From June 5, 2009 to present, counsel for Volvo Trucks has not received one letter or phone call from counsel for Great West complaining of the sufficiency of Volvo Trucks' written discovery responses. During this two month time period, counsel for Great West has not attempted to engage in a single Rule 37 conference with counsel for Volvo Trucks. Moreover, during the entire non-expert discovery period, Great West failed to notice or subpoena a single deposition, let alone take, a single deposition. Instead, on the date non-expert discovery was to close, Great West filed a motion to extend time attempting to blame Volvo Trucks for its own lack of diligence.

In opposite of Great West's lack of diligence during the non-expert discovery period, Volvo Trucks has acted with diligence and has fully complied with this Court's Scheduling Order. From May 2009 to the close of non-expert discovery, Volvo Trucks has taken three

subpoenaed depositions of former employees of Chicago Logistics. Volvo Trucks has subpoenaed and requested documents from numerous dealerships where Chicago Logistics took trucks it owned. Volvo Trucks has served Great West with interrogatories, two sets of production requests and two sets of requests to admit. After Great West failed to provide certain documents in response to Volvo Trucks' production requests, counsel for Volvo Trucks pursued these documents and engaged in numerous Rule 37 conferences with counsel for Great West. (*See* Volvo Trucks' correspondence dated June 26, 2009 and July 7, 2009 attached hereto as Exhibits D and E respectively, reflecting such Rule 37 conferences). Volvo Trucks has fully complied with this Court's scheduling order and is prepared to proceed with this matter as scheduled.

In light of Volvo Trucks' diligence and Great West's complete disregard of this Court's Scheduling Order, it would cause Volvo Trucks prejudice to be forced into an expedited discovery process to allow Great West to address issues that it should have addressed in a timely manner prior to the close of non-expert discovery. Great West has failed to act in accordance with this Court's Scheduling Order, and despite having two months to address any issues it has with Volvo Trucks' written discovery responses, it did nothing until after the close of non-expert discovery. Therefore, Volvo Trucks respectfully submits that this Court's August 7, 2009 orders be vacated as Great West has failed to supply any legitimate basis to extend the non-expert discovery cutoff date.

Furthermore, as explained above, Volvo Trucks received three notices of deposition on the morning of August 10, 2009. These were the first notices of depositions sent by Great West in the entire case. The deposition notices request the depositions of Volvo Trucks' employees Heino Scharf and Tim Lafon, as well as a Rule 30(b)(6) witness. Volvo Trucks identified Heino

Scharf as a Rule 26(a)(1) witness on March 18, 2009, and Great West has been aware of Tim Lafon since Volvo Trucks answered Great West's interrogatories on June 1, 2009. As for the Rule 30(b)(6) notice seeking "an individual with knowledge at Volvo Trucks . . . regarding the decision to issue safety recall RVXX0601 regarding defects in certain Volvo trucks," while the requested deposition is absolutely irrelevant, there is no reason why Great West could not have issued that Rule 30(b)(6) deposition long ago as well. (See Group Exhibit F, Notice of Depositions).[1]

Surprisingly, Great West made no mention in its motion to extend the discovery cutoff that it needed these three depositions, or that it needed any depositions. Rather, the only justification provided by Great West to obtain the extension was Volvo Trucks alleged insufficient answers to written discovery. Based on Volvo Trucks' receipt of these three notices of deposition on August 10, 2009, it appears Great West's articulated basis to extend the non-expert discovery cutoff was pretextual. [Dkt. 42]. There is no relevant issue with Volvo Trucks responses' to written discovery, and that is why Great West did not bother to pursue any alleged deficiencies in the responses to discovery since they received them two months ago. In reality, Great West wants to extend the discovery cutoff in order to pursue depositions which Great West could have requested months ago.

Volvo Trucks respectfully requests that this Court reject Great West's disingenuous motion to extend the discovery schedule and vacate its August 7, 2009 orders regarding the same. In the alternative, Volvo Trucks requests that this Court bar Great West from pursuing the depositions of Heino Scharf, Tim Lafon, and the Rule 30(b)(6) deposition, as those notices of

---

[1] The notice of depositions state they were mailed August 4, 2009, but the postmark is August 6, 2009.

deposition could have been served months ago and there is no legitimate excuse for Great West's failure to do so.

WHEREFORE, defendant Volvo Trucks North America, Inc. respectfully requests that this Court vacate its August 7, 2009 orders; in the alternative, Volvo Trucks requests this Court bar Great West notice of depositions of Heino Scharf, Tim Lafon, and the Rule 30(b)(6) deposition, and for any other relief this Court deems appropriate.

Respectfully submitted,

By: s/Ryan C. Williams
One of the Attorneys for Defendant
VOLVO TRUCKS NORTH AMERICA, INC.

Charles A. LeMoine
Daniel M. Noland
Ryan C. Williams
Dykema Gossett PLLC
10 S. Wacker Drive
Suite 2300
Chicago, Illinois 60606
(312) 876-1700

## CERTIFICATE OF SERVICE

I hereby certify that on August 10, 2009, I electronically filed **Defendant's Motion to Vacate**

**August 7, 2009 Orders** with the Clerk of the Court using the ECF system, which sent electronic

notification of the filing on the same day to:

Patrick J. Keating
Luke Sheridan
O'Hagan Spencer LLC
1 East Wacker Drive, Suite 3400
Chicago, Illinois 60601


s/Ryan C. Williams
Ryan C. Williams