20297-PJK                                                        Case No. 08 C 2872

## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| **Great West Casualty Company**, as subrogee of **Chicago Logistics, LLC** | ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | Case No.:   **08 C 2872** |
| **Volvo Trucks North America**, Inc. | ) ) | Judge Joan H. Lefkow |
| Defendant. | ) ) ) | Magistrate Judge Morton Denlow |

### PLAINTIFF'S MOTION TO COMPEL

Plaintiff, GREAT WEST CASUALTY COMPANY, as subrogee of CHICAGO LOGISTICS, LLC, by its undersigned counsel, hereby moves this Court for an order pursuant to Rule 37 of the Federal Rules of Civil Procedure compelling Volvo Trucks North America to respond to Interrogatories and Document Requests propounded by Plaintiff and in support, states:

This is a claim for products liability and breach of warranty resulting from a fire that destroyed a truck owned by Plaintiff's subrogor.  On March 11, 2009, Judge Lefkow entered a Scheduling Order which ordered that non expert discovery was to close on August 3, 2009.

On March 23, 2009, Plaintiff served upon Volvo Trucks North America ("Volvo") its First Set of Interrogatories and its First Request to Produce Documents.  Volvo's responses to Plaintiff's written discovery responses were due on or about April 23, 2009.  However, Volvo twice requested extensions to serve its interrogatory answers that were due on April 13, 2009, first to May 12, 2009 and then to May 25, 2009.  Volvo

finally served objections and answers to these Interrogatories on June 1, 2009, more than two and a half months after they were due. A copy of Volvo's Answers to Interrogatories is attached hereto as **Exhibit "A"**. On June 5, 2009, Volvo served its objections and responses to Plaintiff's Request for Production of Documents. A copy of Volvo's Response to Production of Documents is attached hereto as **Exhibit "B"**. When Volvo did provide responses to Plaintiff's written discovery, the responses were not complete.

Apparently, Volvo did not produce certain documents or fully answer certain interrogatories propounded to it as it determined that the Plaintiff's need for entire areas of discovery could be obviated by certain stipulations as to facts in the case. (Reference to these stipulations contained in an April 14, 2009 letter from Plaintiff's counsel, attached as **Exhibit "C"**; and a May 8, 2009 letter from Plaintiff's counsel, acknowledging Volvo's offer to stipulate to facts, attached as **Exhibit "D"**). However, from June 1, 2009 to August 3, 2009 Volvo did not propose any specific stipulation which would, if agreed to, would reduce the extent and scope of discovery necessary to be undertaken in this case.

On August 3, 2009, Plaintiff filed a Motion to Re-Set the Scheduling Order entered by Judge Lefkow on March 11, 2009. In this Motion, Plaintiff outlined the delay in receiving Volvo's complete discovery responses as well as Volvo's desire to enter into certain stipulations to reduce the extent and scope of discovery necessary to be undertaken in this case. On August 7, 2009, Judge Lefkow issued a minute order granting Plaintiff's Motion to Re-Set Scheduling Order and ordered that non expert

discovery will close on October 16, 2009. Additionally, Judge Lefkow entered a second minute order on August 3, 2009 referring this matter to the Court for the purposes of holding proceedings related to discovery supervision.

On August 20, 2009, Counsel for Plaintiff sent Counsel for Volvo a detailed forty-four page letter outlining Volvo's responses to each of Plaintiffs Interrogatories, Document Requests, and Requests to Admit. A copy of this August 20, 2009 letter is attached hereto as **Exhibit "E"**. In the August 20, 2009 letter, Counsel for Plaintiff outlined deficiencies in Volvo's responses to Plaintiffs Interrogatories, Document Requests, and Requests to Admit, requested that Volvo supplement its responses, and requested a Rule 37 conference.

On September 3, 2009, Mr. Patrick Keating and Mr. Luke Sheridan on behalf of Plaintiff met with Mr. Daniel Noland and Mr. Ryan Williams on behalf of Volvo to conduct a meet and confer pursuant to Rule 37(a)(1). During this meeting, Counsel for Volvo contended that Volvo had fully responded to Plaintiffs written discovery requests and that any additional discovery could be reduced if the parties could agree to certain stipulations. However, Counsel for Volvo represented that there might some additional documentation which they could provide. To date, Volvo has not produced any additional documents or information in response to Plaintiffs written discovery requests.

Once again, Counsel for Volvo indicated during the September 3, 2009 meeting that Volvo would consider agreeing to certain stipulations which might reduce the discovery needed in this case. However, despite the fact it was that Counsel for Volvo that first expressed an interest stipulating to certain facts in order to reduce the

discovery which they would have to respond to, Volvo has not provided stipulations which they would be willing to enter into in order to avoid discovery. Rather, they suggested that Plaintiff should be the party to propose such stipulations. Volvo's position regarding the proposed stipulations places Plaintiff in the unenviable position of attempting to draft stipulations without the benefit of knowing all of the underlying facts and circumstances relating to the issues presented in this case and shifted the burden of drafting the stipulations to Plaintiff, rather than to Volvo, the party that sought to limit the discovery. Volvo agreed to draft initial proposed stipulations in order to resolve the stalemate and to move forward with discovery.

On September 10, 2009, the Parties appeared before this Court and briefly advised the Court of the outstanding discovery issues related to Volvo's responses to Plaintiff's written discovery requests. On September 10, 2009, this Court issued a minute order directing Plaintiff to submit an itemization of damages and settlement demand by September 17, 2009 and Volvo to submit a written settlement offer by September 24, 2009. The Parties have complied with this Court's September 10, 2009 order.

On September 25, 2009, Counsel for Plaintiff emailed Counsel for Volvo a letter outlining certain stipulations which, if agreed to, would reduce the extent and scope of discovery necessary to be undertaken in this case. A copy of the September 25, 2009 letter is attached hereto as **Exhibit "F"**. As of the date of the filing of this Motion, Volvo has not provided Plaintiff with a response to the September 25, 2009 letter.

Presently, there remain three causes of action asserted against Volvo: Strict Product Liability, Negligence, and Breach of Express Warranty. Despite Plaintiff's extensive document requests issued to Volvo relating to these three causes of action, Volvo has produced a mere 126 pages of documents. It is unimaginable that there are no additional documents responsive to Plaintiff's document requests. The failure of the Plaintiff to properly respond to Plaintiff's written discovery requests as set forth in Plaintiff's August 20, 2009 letter has significantly impacted Plaintiff's ability to investigate relevant facts and develop additional legal theories to prosecute this case. In light of the current discovery schedule, Plaintiff must bring this Motion now.

Even assuming that Volvo and Plaintiff can agree to a comprehensive stipulation, substantial documentation will be needed to determine when Volvo knew or should have known of the defect at issue in this case, especially where Plaintiff's subrogor purchased the tractor containing the defect just three weeks before a recall was issued. Plaintiff requests that this Court enter an Order compelling Volvo to answer Plaintiff's Interrogatories and produce documents responsive to Plaintiff's Request for Production of Documents on or before October 15, 2009. Additionally, Plaintiff requests that this Court enter an order extending non expert discovery as appropriate.

**WHEREFORE** Plaintiff respectfully requests on order of this Court compelling Volvo Trucks North America to respond to Plaintiff's First Set of Interrogatories and First Set of Request for Production of Documents on or before October 15, 2009 and extending non expert discovery as appropriate.

Dated: October 1, 2009

Respectfully Submitted:

O'Hagan Spencer LLC


By: s\ Patrick J. Keating
Counsel for Great West Casualty Company


Patrick J. Keating (ARDC No. 6211380)
Luke P. Sheridan (ARDC No. 6210035)
**O'Hagan Spencer LLC**
One E. Wacker Drive
Suite 3400
Chicago, Illinois 60601
312-422-6100 – Phone
312-422-6110 – Fax

## CERTIFICATE OF SERVICE

I hereby certify that on October 1, 2009, a copy of foregoing **Plaintiff's Motion to Compel,** was filed electronically and served by e-mail to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's CM/ECF System.

Charles A. LeMoine
Dykema Gossett PLLC
10 S. Wacker Drive
Suite 2300
Chicago, IL 60606


By:   /s/ Patrick J. Keating
Attorneys for Plaintiff, Great West Casualty Company

Patrick J. Keating (ARDC No. 6211380)
Luke P. Sheridan (ARDC No. 6210035)
**O'Hagan Spencer LLC**
One E. Wacker Drive
Suite 3400
Chicago, IL 60601
312-422-6100 – Phone
312-422-6110 – Fax