# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GREAT WEST CASUALTY COMPANY, as subrogee of CHICAGO LOGISTICS, LLC<br><br>Plaintiff,<br><br>v.<br><br>VOLVO TRUCKS NORTH AMERICA, INC.<br><br>Defendant. | No. 08 CV 2872<br>The Honorable Joan Humphrey Lefkow<br>Magistrate Judge Morton Denlow |

## DEFENDANT VOLVO TRUCKS' ANSWER TO PLAINTIFF'S FIRST SET OF INTERROGATORIES

### GENERAL OBJECTIONS

1. Volvo Trucks objects to each discovery request to the extent it purports to seek information or the production of documents that are protected by the attorney-client privilege and/or work product doctrine.

2. Volvo Trucks objects to each discovery request to the extent it purports to seek information or the production of documents that are subject to the protection afforded trade secret or other confidential research, development or commercial information.

3. Volvo Trucks objects to each discovery request to the extent it is overly broad, unduly burdensome and/or seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

4. Volvo Trucks objects to each discovery request to the extent it is duplicative, unreasonably cumulative and/or oppressive, and/or to the extent that it will cause Volvo Trucks to incur any unnecessary expenses.

5. Volvo Trucks objects to each discovery request to the extent it purports to impose upon Volvo Trucks a duty to respond greater than that imposed by the Federal Rules of Civil Procedure.

### RESPONSES TO PLAINTIFF'S INTERROGATORIES

1. Identify all Volvo employees responsible for the design of the engine and engine compartment for the Subject Truck.

ANSWER: In addition to its general objections, Volvo Trucks objects to Interrogatory No. 1 to the extent it seeks irrelevant information, is not reasonably calculated to lead to admissible

1

evidence, is vague and ambiguous, is overbroad, and is unduly burdensome. Without waiving said objections, the engine in the Truck was designed by employees of Volvo Powertrain AB. Volvo Trucks is unaware of the specific persons involved in its design. The engine installation was approved by Jeff Peddycord.

   2.   Identify all component part manufacturers for the component parts of the engine and engine compartment for the Subject Truck.

ANSWER:   In addition to its general objections, Volvo Trucks objects to Interrogatory No. 2 to the extent it seeks irrelevant information, is not reasonably calculated to lead to admissible evidence, is vague and ambiguous, is overbroad, and is unduly burdensome. Without waiving said objections, the EGR tubes and tube clamps were manufactured by Autotube AB, Varberg, Sweden.

   3.   Identify the manufacturer of the heat shield described in Safety Recall Notice RVXX0601.

ANSWER:   In addition to its general objections, Volvo Trucks objects to Interrogatory No. 3 to the extent it seeks irrelevant information, is not reasonably calculated to lead to admissible evidence, and is vague and ambiguous. Interrogatory No. 3 seeks irrelevant information because Chicago Logistics did not take the Truck to a Volvo Parts and Service Center to have the heat shield described in Safety Recall Notice RVXX0601 installed in the Truck.

   4.   How long had the engine design for the engine that was installed in the Subject Truck been in use?

ANSWER:   In addition to its general objections, Volvo Trucks objects to Interrogatory No. 4 to the extent it seeks irrelevant information, is not reasonably calculated to lead to admissible evidence, and is vague and ambiguous. Without waiving said objections, the Volvo VED12D engine was introduced into the North American market in October/November 2002.

5. Identify any and all claims and/or lawsuits relating to the safety defect described in Safety Recall RVXX0601 filed prior to the February 2006 Recall Notice.

ANSWER: In addition to its general objections, Volvo Trucks objects to Interrogatory No. 5 to the extent it seeks irrelevant information, is not reasonably calculated to lead to admissible evidence, is vague and ambiguous, is overbroad, and is unduly burdensome.

6. Identify any and all claims and/or lawsuits relating to the safety defect described in Safety Recall RVXX0601 filed since the February 2006 Recall Notice.

ANSWER: In addition to its general objections, Volvo Trucks objects to Interrogatory No. 6 to the extent it seeks irrelevant information, is not reasonably calculated to lead to admissible evidence, is vague and ambiguous, is overbroad, and is unduly burdensome.

7. Identify when Volvo first learned that its trucks were experiencing engine fires as addressed in Safety Recall Notice RVXX0601?

ANSWER: In addition to its general objections, Volvo Trucks objects to Interrogatory No. 7 to the extent that it is vague and ambiguous. Without waiving said objections, Regulatory Affairs published preliminary conclusions that a safety related defect may exist in regard to certain EGR pipes on January 20, 2006. Volvo Trucks made the determination that the issue described in Safety Recall Notice RVXX0601 existed on January 25, 2006.

8. Identify the number of Volvo VHD, VNL, and VNM model vehicles manufactured with a Volvo D12 engine from November 2002 to January 2006, which were reported to Volvo to have experienced an engine fire as described in Safety Recall Notice RVXX0601.

ANSWER: In addition to its general objections, Volvo Trucks objects to Interrogatory No. 8 to the extent it seeks irrelevant information, is not reasonably calculated to lead to admissible evidence, is overbroad, and is vague and ambiguous.

3

9. Identify in detail, when and how Volvo first learned of the safety defect described in Safety Recall RVXX0601.

ANSWER: In addition to its general objections, Volvo Trucks objects to Interrogatory No. 9 to the extent it seeks irrelevant information, is not reasonably calculated to lead to admissible evidence, is vague and ambiguous, and is unduly burdensome. Without waiving said objections, see Answer to Interrogatory No. 7.

10. Describe with specificity each and every step Volvo took to correct the safety defect described in Safety Recall RVXX0601.

In addition to its general objections, Volvo Trucks objects to Interrogatory No. 10 to the extent is vague and ambiguous. Without waiving said objections, in addition to notification as described in Answer to Interrogatory 18 below, a heat shield over and around the EGR pipes was installed by dealers or owners.

11. Identify when Volvo decided that the defect described in Safety Recall RVXX0601 existed in certain Volvo VHD, VNL and VNM model vehicles, including the Subject Truck manufactured with a Volvo D12 Engine from November 2002 through January 2006.

ANSWER: In addition to its general objections, Volvo Trucks objects to Interrogatory No. 11 to the extent it is duplicative of previous interrogatories, and is vague and ambiguous. Without waiving said objections, see Answer to Interrogatory No. 7.

12. Identify each and every individual who participated in the decision to decide that the safety defect described in Safety Recall RVXX0601 existed in certain Volvo VHO, VNL and VNM model vehicles, including the Subject Truck manufactured with a Volvo D12 Engine from November 2002 to January 2002.

ANSWER: In addition to its general objections, Volvo Trucks objects to Interrogatory No. 12 to the extent it seeks irrelevant information, is not reasonably calculated to lead to admissible evidence, is vague and ambiguous, is overbroad, and is unduly burdensome. Without waiving said objections and assuming the period is November 2002 to January 2006, Steve Buchinsky, Bill Dawson, Dennis Langervik, Lars-Goran Lowenadler, Gene O'Keefe, and Therence Pickett.

13. Identify all Volvo employees responsible for overseeing the issuance of recall notices.

ANSWER: In addition to its general objections, Volvo Trucks objects to Interrogatory No. 13 to the extent it seeks irrelevant information, is not reasonably calculated to lead to admissible evidence, is vague and ambiguous, is overbroad, and is unduly burdensome. Without waiving said objections, Tim Lafon.

14. Identify the number of Volvo trucks that were subject to Recall Notice RVXX0601.

ANSWER: In addition to its general objections, Volvo Trucks objects to Interrogatory No. 14 to the extent that it seeks irrelevant information, is not reasonably calculated to lead to admissible evidence, is vague and ambiguous, and is overbroad. Without waiving said objections, 38,698 Volvo trucks were subject to Safety Recall Notice RVXX0601.

15. Identify the number of Volvo trucks which were serviced to repair the safety defect described in Safety Recall Notice RVXX0601 from February 2006 to September 2006.

ANSWER: In addition to its general objections, Volvo Trucks objects to Interrogatory No. 15 to the extent that it seeks irrelevant information, is not reasonably calculated to lead to admissible evidence, is vague and ambiguous, is overbroad, and is unduly burdensome. Without waiving said objections, 33,263 Volvo trucks were serviced to repair the issue described in Safety Recall Notice RVXX0601 from February 2006 to September 2006.

16. Identify the number of Volvo trucks whose owners were sent Safety Recall Notice RVXX0601 - Second Notice September 2006.

ANSWER: In addition to its general objections, Volvo Trucks objects to Interrogatory No. 16 to the extent that it seeks irrelevant information, is not reasonably calculated to lead to admissible evidence, is vague and ambiguous, is overbroad, and is unduly burdensome. Without

waiving said objections, 10,672 Volvo truck owners were sent the Safety Recall Notice RVXX0601 – Second Notice dated September 2006.

17. Identify the number of Volvo trucks which were serviced to repair the safety defect described in Safety Recall Notice RVXX0601 from September 2006 to November 6, 2006.

ANSWER: In addition to its general objections, Volvo Trucks objects to Interrogatory No. 17 to the extent that it seeks irrelevant information, is not reasonably calculated to lead to admissible evidence, is vague and ambiguous, is overbroad, and is unduly burdensome. Without waiving said objections, 2,578 Volvo trucks were serviced to repair the issue described in Safety Recall Notice RVXX0601 from September 2006 to November 6, 2006.

18. Identify all Volvo employees who communicated with the National Highway Traffic Safety Administration regarding the safety defect described in Safety Recall Notice RVXX0601 and/or the eventual issuance of Safety Recall Notice RVXX0601.

ANSWER: In addition to its general objections, Volvo Trucks objects to Interrogatory No. 18 to the extent that it seeks irrelevant information, is not reasonably calculated to lead to admissible evidence, is vague and ambiguous, is overbroad, and is unduly burdensome.

19. Identify all steps taken by Volvo in sending recall notices to and following up with owners of Volvo vehicles to ensure that the owners of the Volvo vehicles subject to the safety recall notice received such notices and identify the person most knowledgeable about this process.

In addition to its general objections, Volvo Trucks objects to Interrogatory No. 19 to the extent it is duplicative of previous interrogatories, seeks irrelevant information, is not reasonably calculated to lead to admissible evidence, is vague and ambiguous, and is overbroad. Without waiving said objections, the contact information for the owners-of-record of the trucks subject to the safety recall was sent to a third-party service provider which mailed out the notices. Any notices returned as undeliverable, or returned indicating the addressee no longer owned the truck, were researched using R.L. Polk state vehicle registration data to determine a more current

address. Notices were then sent to those addresses. A second notice was issued to those owners-of-record who had not responded to the first notice. Tim Lafon is the person most knowledgeable about said process.

20. Identify all tests, persons or companies who performed such tests, the date and location of such tests, and the results of those tests, conducted by Volvo to properly test, monitor or inspect the EGR cooler inlet pipes and pipes that connect the EGR valves to the cooler to ensure that the trucks subject to Safety Recall Notice RVXX0601 were safe, suitable and appropriate for use in the roadway.

ANSWER: In addition to its general objections, Volvo Trucks objects to Interrogatory No. 20 to the extent that it seeks irrelevant information, is not reasonably calculated to lead to admissible evidence, is vague and ambiguous, is unlimited in time, is overbroad, and is unduly burdensome.

21. Did Volvo consider any alternative designs which incorporated a protective shield to protect EGR cooler inlet pipes and/or the pipes that connect the EGR valves to the cooler?

ANSWER: In addition to its general objections, Volvo Trucks objects to Interrogatory No. 21 to the extent that it seeks irrelevant information, is not reasonably calculated to lead to admissible evidence, is vague and ambiguous, is unlimited in time, is overbroad in scope, and is unduly burdensome. Without waiving said objections, Volvo Trucks did not design or manufacture the engine or ERG components in the Truck.

22. If your answer to Interrogatory Number 22 was in the affirmative, identify all such alternative designs.

ANSWER: In addition to its general objections, Volvo Trucks objects to Interrogatory No. 22 to the extent that it seeks irrelevant information, is not reasonably calculated to lead to admissible evidence, is vague and ambiguous, is unlimited in time, is overbroad in scope, and is unduly burdensome. Without waiving said objections, see Answer to Interrogatory No. 21.

23. For each alternative design identified in Interrogatory Number 23, identify each and every reason why such alternative design was not incorporated into the design.

ANSWER: In addition to its general objections, Volvo Trucks objects to Interrogatory No. 23 to the extent that it seeks irrelevant information, is not reasonably calculated to lead to admissible evidence, is vague and ambiguous, is unlimited in time, is overbroad in scope, and is unduly burdensome. Without waiving said objections, see Answer to Interrogatory No. 21.

24. Indentify each Volvo truck owned by Chicago Logistics which Volvo contends was serviced to repair the safety defects described in Safety Recall Notice RVXX0601 prior to the November 6, 2006 truck fire.

ANSWER: Without waiving its general objections, the VIN Numbers of the Volvo trucks that were owned by Chicago Logistics and serviced pursuant to Safety Recall Notice RVXX0601 prior to the November 6, 2006 truck fire are as follows:

```
4V4NC9GH86N437368; 4V4NC9GH66N437370;
4V4NC9GH86N437371; 4V4NC9GH36N437374;
4V4NC9GH37N437375; 4V4NC9GH57N437376
```

Dated: June 1, 2009

Respectfully submitted,

By: _____
One of the Attorneys for Defendant
VOLVO TRUCKS NORTH AMERICA, A DIVISION OF VOLVO TRUCKS NORTH AMERICA, INC.

Charles A. LeMoine
Daniel M. Noland
Ryan C. Williams
Dykema Gossett PLLC
10 S. Wacker Drive
Suite 2300
Chicago, Illinois 60606
(312) 876-1700

8

## VERIFICATION

I, Heino W. Scharf, Director, Product Assurance, am authorized to execute this verification on behalf of Volvo Trucks North America. While I do not have personal knowledge of all facts recited in the foregoing Answers to Plaintiff's First Set of Interrogatories, the information contained therein has been collected and made available to me by counsel, and by employees of Volvo Trucks North America, and said Answers are true and accurate to the best of my knowledge, information and belief. Therefore, the foregoing Answers to Plaintiff's First Set of Interrogatories are verified on behalf of Volvo Trucks North America in this litigation.

SUBSCRIBED AND SWORN TO
before me this 1st day
of June 2009.

*/s/ Heino W. Scharf*
Heino W. Scharf
Director, Product Assurance
Volvo Trucks North America, a division of
Volvo Group North America, Inc.

*/s/ Jennifer Brown*
NOTARY PUBLIC

JENNIFER M. BROWN
Notary Public
North Carolina
Randolph County

## CERTIFICATE OF SERVICE

The undersigned, a non-attorney, hereby certifies that she served copies of *Defendant Volvo Trucks' Answer to Plaintiff's First Set of Interrogatories* to all counsel of record via regular mail and facsimile before the hour of 5:00 pm, on June 1, 2009.

> Patrick J. Keating
> Luke P. Sheridan
> O'Hagan Spencer LLC
> 1 East Wacker Drive, Suite 3400
> Chicago, Illinois 60601

*/s/ Caressa Gibson*
Caressa Gibson