# EXHIBIT B

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GREAT WEST CASUALTY COMPANY, as subrogee of CHICAGO LOGISTICS, LLC<br><br>Plaintiff,<br><br>v.<br><br>VOLVO TRUCKS NORTH AMERICA, INC.<br><br>Defendant. | No. 08 CV 2872<br>The Honorable Joan Humphrey Lefkow<br>Magistrate Judge Morton Denlow |

## DEFENDANT VOLVO TRUCKS' RESPONSE TO PLAINTIFF'S REQUEST TO PRODUCE

### GENERAL OBJECTIONS

1. Volvo Trucks objects to each discovery request to the extent it purports to seek information or the production of documents that are protected by the attorney-client privilege and/or work product doctrine.

2. Volvo Trucks objects to each discovery request to the extent it purports to seek information or the production of documents that are subject to the protection afforded trade secret or other confidential research, development or commercial information.

3. Volvo Trucks objects to each discovery request to the extent it is overly broad, unduly burdensome and/or seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

4. Volvo Trucks objects to each discovery request to the extent it is duplicative, unreasonably cumulative and/or oppressive, and/or to the extent that it will cause Volvo Trucks to incur any unnecessary expenses.

5. Volvo Trucks objects to each discovery request to the extent it purports to impose upon Volvo Trucks a duty to respond greater than that imposed by the Federal Rules of Civil Procedure.

### RESPONSES TO PLAINTIFF'S REQUEST TO PRODUCE

1. Any and all documents reflecting the statement of any party to anyone other than his own attorney or liability insurance carrier.

RESPONSE: Without waiving its general objections, none.

1

2. All written materials, including but not limited to sales documents, receipts, instruction manuals, operation guidelines, operator's manual, notes, memoranda, purchase orders, contracts, warranty registration, warranty certificate or other documents relating to the Subject Truck or this lawsuit.

RESPONSE: Without waiving its general objections, the documents described in Request to Produce No. 2 are already in the possession of Plaintiff, and were previously provided to Chicago Logistics upon purchase of the Truck and upon purchase of the nine other Volvo trucks purchased by Chicago Logistics. In further response, see the Warranty Registration, Standard Volvo Engine Warranty Certificate, and Standard Truck Warranty Certificate, already in the possession of Plaintiff, and VTNA_0107 – VTNA_0110.

3. All documents relating to all agreements between LaBeau Bros. Inc. to sell or service Volvo trucks.

RESPONSE: In addition to its general objections, Volvo Trucks objects to Request to Produce No. 3 to the extent it is vague, ambiguous, unduly burdensome, unlimited in time, overbroad in scope, seeks irrelevant information, and is not reasonably calculated to lead to admissible evidence.

4. All documents referred to or identified in your answers to interrogatories.

RESPONSE: Without waiving its general objections, see CT_0001 – CT_0021, LB_0001 – LB_0013, and VTNA_0001 – VTNA_0037, which were previously produced to Plaintiff. See also, Volvo Trucks' January 26, 2006 press release produced herewith.

5. All documents relating to the negotiation, formation and execution of the agreement to purchase the Subject Truck.

RESPONSE: Without waiving its general objections, see the Warranty Registration, Standard Volvo Engine Warranty Certificate, and Standard Truck Warranty Certificate, already in the possession of Plaintiff.

2

6. All documents written by or received by you or Great West relating to the Subject Truck.

RESPONSE: In addition to its general objections, Volvo Trucks objects to Request to Produce No. 6 to the extent it is vague, ambiguous, unlimited in time, overbroad in scope, unduly burdensome, seeks irrelevant information, and is not reasonably calculated to lead to admissible evidence. Without waiving said objections, see documents produced to Volvo Trucks by Great West, GW 0001 – GW 0238; CL 00001 – CL 01335. See also VTNA_0038 – VTNA_0110.

7. All documents written by or received by you or Chicago Logistics relating to the Subject Truck.

RESPONSE: In addition to its general objections, Volvo Trucks objects to Request to Produce No. 7 to the extent it is vague, ambiguous, unlimited in time, overbroad in scope, unduly burdensome, seeks irrelevant information, and is not reasonably calculated to lead to admissible evidence. Without waiving said objections, see CL 00001 – CL 01335 produced by Plaintiff to Volvo Trucks in response to Volvo Trucks' subpoena to Chicago Logistics.

8. All documents received by you in response to a subpoena in this lawsuit.

RESPONSE: Without waiving its general objections, see LB_0001 – LB_0013, previously produced to Plaintiff.

9. All documents relating to any inspection, testing, or examination of the Subject Truck prior to November 6, 2006.

RESPONSE: In addition to its general objections, Volvo Trucks objects to Request to Produce No. 9 to the extent it is vague, ambiguous, overbroad in scope, and seeks irrelevant information. Without waiving said objections, Volvo Trucks did not design or manufacture the engine or EGR components in the Truck. Without waiving said objections, investigation continues.

3

10. All documents relating to any inspection, testing, or examination of the Subject Truck after November 6, 2006.

RESPONSE: Without waiving its general objection, none.

11. All marketing materials, sales brochures, advertisements or other documents or correspondence issued or made by Volvo or any of its subsidiaries to dealers, buyers, or the public describing features, functionality, specifications and usages of the Subject Truck.

RESPONSE: In addition to its general objections, Volvo Trucks objects to Request to Produce No. 11 to the extent it is vague, ambiguous, overbroad, unduly burdensome, seeks irrelevant information, and is not reasonably calculated to lead to admissible evidence. Without waiving said objections see VTNA_0111 – VTNA_0114.

12. All documents relating to your settlement of any claims or lawsuits relating to the safety defect described in Safety Recall RVXX0601.

RESPONSE: In addition to its general objections, Volvo Trucks objects to Request to Produce No. 12 to the extent it is vague, ambiguous, overbroad, unduly burdensome, seeks irrelevant information, and is not reasonably calculated to lead to admissible evidence.

13. All documents relating to when you first learned of the safety defect described in Safety Recall Notice RVXX0601.

RESPONSE: In addition to its general objections, Volvo Trucks objects to Request to Produce No. 13 to the extent it is vague, ambiguous, overbroad, unduly burdensome, seeks irrelevant information, and is not reasonably calculated to lead to admissible evidence. Without waiving said objections, see VTNA_0115 – VTNA_0117, Volvo Truck's January 26, 2006 press release, Safety Recall Notice RVXX0601 dated February 2006, and Second Safety Recall Notice RVXX0601 dated September 2006.

14. All documents relating to each and every step you took to correct the safety defects described in Safety Recall Notice RVXX0601.

RESPONSE: In addition to its general objections, Volvo Trucks objects to Request to Produce No. 14 to the extent it is vague, ambiguous, unduly burdensome, seeks irrelevant information, and is not reasonably calculated to lead to admissible evidence. Without waiving said objections, see VTNA_0115 – VTNA_0117, Volvo Truck's January 26, 2006 press release, Safety Recall Notice RVXX0601 dated February 2006, and Second Safety Recall Notice RVXX0601 dated September 2006.

15. All documents relating to your decision that the safety defect described in Safety Recall RVXX0601 existed in certain Volvo VT ID, UNL and VNM model vehicles, including the Subject Truck, manufactured with a Volvo D12 Engine from November 2002 through January 2006.

RESPONSE: In addition to its general objections, Volvo Trucks objects to Request to Produce No. 15 to the extent it is vague, ambiguous, unduly burdensome, seeks irrelevant information, and is not reasonably calculated to lead to admissible evidence. Without waiving said objections, see VTNA_0115 – VTNA_0117, Volvo Truck's January 26, 2006 press release, Safety Recall Notice RVXX0601 dated February 2006, and Second Safety Recall Notice RVXX0601 dated September 2006.

16. All documents relating to any test, inspection or examination of the EGR cooler inlet pipes that you conducted to ensure that the trucks subject to Safety Recall Notice RVXX0601 were safe, suitable, and appropriate for use on the roadway.

RESPONSE: In addition to its general objections, Volvo Trucks objects to Request to Produce No. 16 to the extent it is vague, ambiguous, unlimited in time, overbroad in scope, unduly burdensome, seeks irrelevant information, and is not reasonably calculated to lead to admissible evidence. Without waiving said objections, see Answer to Interrogatory No. 21 and VTNA_0118 – VTNA_0126. Investigation continues.

5

17. All documents relating to any test, examination, or inspection of the pipes that connect the EGR valves to the cooler that you conducted to ensure that the trucks that were subject to Safety Recall Notice RVXX0601 were safe, suitable, and appropriate for use on the roadway.

RESPONSE: In addition to its general objections, Volvo Trucks objects to Request to Produce No. 17 to the extent it is vague, ambiguous, unlimited in time, overbroad in scope, unduly burdensome, seeks irrelevant information, and is not reasonably calculated to lead to admissible evidence. Without waiving said objections, see Answer to Interrogatory No. 21. Investigation continues.

18. All documents relating to any alternative designs for the trucks subject to Safety Recall Notice RVXX0601, the incorporated a protective heat shield to protect the EGR cooler inlet pipes, and/or the pipes that connect the EGR valves to the cooler.

RESPONSE: In addition to its general objections, Volvo Trucks objects to Request to Produce No. 18 to the extent that it seeks irrelevant information, is not reasonably calculated to lead to admissible evidence, is vague and ambiguous, is unlimited in time, is overbroad in scope, and is unduly burdensome. Without waiving said objections, see Answer to Interrogatory No. 21.

19. All documents relating to your decision not to implement any alternative designs for the trucks subject to Safety Recall Notice RVXX0601 that incorporated a protective shield to protect the EGR cooler inlet pipes and/or the pipes that connect the EGR valves to the cooler.

RESPONSE: In addition to its general objections, Volvo Trucks objects to Request to Produce No. 19 to the extent that it seeks irrelevant information, is not reasonably calculated to lead to admissible evidence, is vague and ambiguous, is unlimited in time, is overbroad in scope, and is unduly burdensome. Without waiving said objections, see Answer to Interrogatory No. 21.

20. All documents relating to the repair of the safety defect described in Safety Recall Notice RVXX0601 for any truck owned by Chicago Logistics.

RESPONSE: Without waiving its general objections, see CT_0001 – CT_0021, LB_0001 – LB_0013, and VTNA_0001 – VTNA_0037, which were previously produced to Plaintiff.

21. All documents relating to any claim made to you for damages resulting from the failure of the EGR cooler inlet pipes and/or the pipes that connect the EGR valve to the cooler for the trucks that were subject to Safety Recall Notice RVXX0601.

RESPONSE: In addition to its general objections, Volvo Trucks objects to Request to Produce No. 21 to the extent it is vague, ambiguous, unduly burdensome, seeks irrelevant information, and is not reasonably calculated to lead to admissible evidence.

22. Copies of all lawsuits filed against you for damages resulting from the failure of the EGR cooler inlet pipes and/or the pipes that connect the EGR valves to the cooler for the trucks that were subject to Safety Recall Notice RVXX0601.

RESPONSE: In addition to its general objections, Volvo Trucks objects to Request to Produce No. 22 to the extent it is vague, ambiguous, overbroad, unduly burdensome, seeks irrelevant information, and is not reasonably calculated to lead to admissible evidence.

23. All documents or lists identifying all Volvo trucks whose owners were sent Safety Recall Notice RVXX0601 dated February 2006.

RESPONSE: In addition to its general objections, Volvo Trucks objects to Request to Produce No. 23 to the extent it seeks confidential business information between Volvo Trucks and its customers, is vague, ambiguous, overbroad, unduly burdensome, seeks irrelevant information, and is not reasonably calculated to lead to admissible evidence.

24. All documents or lists identifying all Volvo trucks whose owners were sent Safety Recall Notice RVXX0601 dated September 2006.

RESPONSE: In addition to its general objections, Volvo Trucks objects to Request to Produce No. 24 to the extent it seeks confidential business information between Volvo Trucks and its

7

customers, is vague, ambiguous, overbroad, unduly burdensome, seeks irrelevant information, and is not reasonably calculated to lead to admissible evidence.

25. All documents or lists identifying all Volvo trucks which had the safety defect described in Safety Recall Notice RVXX0601 repaired prior to September 2006.

RESPONSE: In addition to its general objections, Volvo Trucks objects to Request to Produce No. 25 to the extent it seeks confidential business information between Volvo Trucks and its customers, is vague, ambiguous, overbroad, unduly burdensome, seeks irrelevant information, and is not reasonably calculated to lead to admissible evidence.

26. All documents or lists identifying all Volvo trucks which had the safety defect described in Safety Recall Notice RVXX0601 repaired after being sent Safety Recall Notice RVXX0601 - Second Notice dated September 2006.

RESPONSE: In addition to its general objections, Volvo Trucks objects to Request to Produce No. 25 to the extent it seeks confidential business information between Volvo Trucks and its customers, is vague, ambiguous, overbroad, unduly burdensome, seeks irrelevant information, and is not reasonably calculated to lead to admissible evidence.

27. A list of the names, addresses and specialties of all experts.

RESPONSE: Without waiving its general objections, undetermined at present. Volvo Trucks specifically reserves the right to identify said experts pursuant to the Court's order.

28. All documents which your experts have received, or have based their opinion or conclusions upon, or other documents that your expert intend to rely upon or review for their own opinions or conclusions.

RESPONSE: Without waiving its general objections, undetermined at present. Volvo Trucks specifically reserves the right to identify said documents pursuant to the Court's order.

29. Any and all inspection reports, test reports, test results or other writings prepared by anyone who has examined the Subject Truck, or any components of the Subject, Truck prior or subsequent to the November 6, 2006 truck fire.

RESPONSE: Without waiving its general objections, see the investigation report produced to Volvo Trucks by Plaintiff. Investigation continues.

30. Any and all photographs or video recordings taken of the Subject Truck prior or subsequent to November 6, 2006.

RESPONSE: Without waiving its general objections, none other than those photographs produced to Volvo Trucks by Plaintiff.

31. All expert reports which you seek to introduce at the trial of this case, or relating to the Subject Truck.

RESPONSE: Without waiving its general objections, undetermined at present. Volvo Trucks specifically reserves the right to identify said documents pursuant to the Court's order.

32. The Curriculum Vitae of any expert who has prepared a report which you seek to rely upon at trial.

RESPONSE: Without waiving its general objections, undetermined at present. Volvo Trucks specifically reserves the right to identify said documents pursuant to the Court's order.

33. Any and all documents or tangible things not listed above that you plan on introducing as evidence at trial or for using for demonstrative purposes.

RESPONSE: Without waiving its general objections, see Defendant's Federal Rule of Civil Procedure 26(a)(1) Disclosures. Volvo Trucks specifically reserves the right to supplement said documents or tangible things, as necessary, as litigation proceeds.

34. Any and all insurance policies that purport to provide coverage to you for the allegations stated in the present complaint.

RESPONSE: In addition to its general objections, Volvo Trucks objects to Request to Produce No. 34 to the extent it seeks irrelevant information and is not reasonably calculated to lead to admissible evidence. Without waiving said objections, Volvo Trucks is self insured.

35. All correspondence, communications between you and the National Highway Traffic Safety Administration or any other local, state or federal governmental agency relating to the safety defect described in Safety Recall Notice RVXX0601.

RESPONSE: In addition to its general objections, Volvo Trucks objects to Request to Produce No. 35 to the extent that it seeks irrelevant information, is not reasonably calculated to lead to admissible evidence, is vague and ambiguous, is overbroad, and is unduly burdensome. Without waiving said objection, see VTNA_0115 – VTNA_0117.

36. All documents which Volvo provided to the National Highway Traffic Safety Administration or any other local, state or federal governmental agency relating to the safety defect described in Safety Recall Notice RVXX0601.

RESPONSE: In addition to its general objections, Volvo Trucks objects to Request to Produce No. 36 to the extent that it seeks irrelevant information, is not reasonably calculated to lead to admissible evidence, is vague and ambiguous, is overbroad, and is unduly burdensome. Without waiving said objections, see VTNA_0115 – VTNA_0117.

Dated: June 5, 2009

Respectfully submitted,

By: _____
One of the Attorneys for Defendant
VOLVO TRUCKS NORTH AMERICA, A DIVISION
OF VOLVO TRUCKS NORTH AMERICA, INC.

Charles A. LeMoine
Daniel M. Noland
Ryan C. Williams
Dykema Gossett PLLC
10 S. Wacker Drive
Suite 2300
Chicago, Illinois 60606

## CERTIFICATE OF SERVICE

The undersigned, a non-attorney, hereby certifies that she served copies of ***Defendant Volvo Trucks' Response to Plaintiff's Request to Produce*** to all counsel of record via hand delivery before the hour of 5:00 pm, on June 5, 2009.

        Patrick J. Keating
        Luke P. Sheridan
        O'Hagan Spencer LLC
        1 East Wacker Drive, Suite 3400
        Chicago, Illinois 60601

*/s/ Caressa Gibson*
Caressa Gibson