IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GREAT WEST CASUALTY COMPANY, as subrogee of CHICAGO LOGISTICS, LLC<br><br>Plaintiff,<br><br>v.<br><br>VOLVO TRUCKS NORTH AMERICA, INC.,<br><br>Defendant. | No. 08 CV 2872<br><br>Hon. Joan H. Lefkow<br>Mag. Judge Morton Denlow |

**DEFENDANT'S RULE 12(f) MOTION TO STRIKE COUNT IV OF PLAINTIFF'S FIRST AMENDED COMPLAINT**

Defendant, VOLVO TRUCKS NORTH AMERICA, INC. ("Defendant"), by and through its attorneys, Charles A. LeMoine, Daniel M. Noland, and Stephen M. Mahieu of Dykema Gossett PLLC, moves this Court for an order striking Count IV of plaintiff GREAT WEST CASUALTY COMPANY's ("Plaintiff") First Amended Complaint pursuant to Rule 12(f) of the Federal Rules of Civil Procedure. In support thereof, Defendant states as follows:

**INTRODUCTION**

1. Plaintiff filed its First Amended Complaint on March 11, 2010. [DE 77]. Thereafter, on April 6, 2010, Defendant filed a motion to dismiss Count IV based on federal preemption. [DE 85]. The Court denied Defendants' motion on November 3, 2010, and granted Defendant until November 17, 2010 to answer or otherwise plead. [DE 100, 106].

2. Plaintiff styles its First Amended Complaint in four counts: (I) Strict Products Liability; (II) Negligence; (III) Breach of Written (Express) Warranty; and (IV) Failure to Warn. Plaintiff alleges in Count IV that Defendant: knew or should have known that the subject truck was in an unreasonably dangerous condition; was negligent in failing to warn of the defect; and is strictly liable for failing to warn of the defect.

**ARGUMENT**

3. Rule 12(f) permits the Court to "strike from a pleading . . . any redundant, immaterial, impertinent, or scandalous matter" either *sua sponte* or on a party's motion prior to that party's filing of its response to the pleading. The Court should dismiss Count IV of the First Amended Complaint because Count IV is redundant in that it does not state a cause of action independent of Counts I and II.

4. Plaintiff does not state a new claim by simply borrowing the substantive allegations of Counts I (strict liability) and II (negligence), reordering them, and placing them under the heading "failure to warn."

5. Count I alleges that Defendant: is strictly liable because the subject truck was in "an unreasonably dangerous condition" (¶¶22-24); knew or should have known of this condition (¶25); "failed to warn" Chicago Logistics (¶25); and "failed to issue a stop shipment order which would have prevented delivery of the truck." (¶26).

6. Count II makes substantially the same allegations, but sets forth a negligence theory of liability and omits the failure to warn language. (¶¶ 30-33).

7. Mirroring Counts I and II, Count IV alleges the subject truck was in "defective and unreasonably dangerous condition" (¶43), and that Defendant knew or should have known of this condition but failed to "issue[] a stop shipment order which would have prevented the truck from being delivered." (¶49).

8. Count IV then alleges that Defendant was "***negligent*** in failing to warn Chicago Logistics." (¶46) (emphasis added).

9. Illustrating fully Count IV's redundancy, it also alleges that Defendant "is ***strictly liable*** to Plaintiff for this failure to warn." (¶47) (emphasis added).

10. Count IV is redundant of Counts I and II and should be dismissed. Count IV

alleges that Defendant was *negligent* and that Defendant is *strictly liable* for its alleged failure to warn Chicago Logistics of a known defect in the subject truck. These are the same allegations Plaintiff makes in Counts I and II. Indeed, Count IV does not state a cause of action independent of the already-pled negligence and strict liability allegations of Counts I and II. As a result of this redundancy, the Court should, under Rule 12(f), strike count IV of the First Amended Complaint.

## CONCLUSION

WHEREFORE, for the reasons stated herein, Defendant, VOLVO TRUCKS NORTH AMERICA, INC. respectfully prays that this Court strike Count IV of the First Amended Complaint, and for such further relief as this Court deems fair and just.

Dated: November 17, 2010

Respectfully submitted,

VOLVO TRUCKS NORTH AMERICA, INC.,

By: /s/ Stephen M. Mahieu
    One of its Attorneys

Charles A. LeMoine
Daniel N. Noland
Stephen M. Mahieu
Dykema Gossett PLLC
10 South Wacker Drive, Suite 2300
Chicago, IL 60606
Phone (312) 876-1700

## **CERTIFICATE OF SERVICE**

I hereby certify that on November 17, 2010, I electronically filed Defendant's Rule 12(f) Motion to Strike Count IV of Plaintiff's First Amended Complaint with the Clerk of the Court using the ECF system, which sent electronic notification of the filing on the same day to:

Patrick J. Keating
Luke Sheridan
O'Hagan Spencer LLC
1 East Wacker Drive, Suite 3400
Chicago, Illinois 60601

                                                 s/ Stephen M. Mahieu
                                                Stephen M. Mahieu

CHICAGO\3100159.1
ID\SMMA - 096509/0037