IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GREAT WEST CASUALTY COMPANY, as subrogee of CHICAGO LOGISTICS, LLC<br><br>Plaintiff,<br><br>v.<br><br>VOLVO TRUCKS NORTH AMERICA, INC.,<br><br>Defendant. | No. 08 CV 2872<br><br>Hon. Joan H. Lefkow<br>Mag. Judge Morton Denlow |

## **DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

Defendant, VOLVO TRUCKS NORTH AMERICA, INC. ("Defendant"), by and through its attorneys, moves this Honorable Court pursuant to Federal Rule of Civil Procedure 56(a) for the entry of summary judgment in its favor and against plaintiff, GREAT WEST CASUALTY COMPANY ("Plaintiff"), on Counts I-IV of the amended complaint, and in support thereof states as follows:

1. Plaintiff filed this action on May 16, 2008, to recover from Defendant funds Plaintiff paid to its insured, Chicago Logistics, LLC ("Chicago Logistics"). (Dkt. No. 1.)

2. Plaintiff subsequently filed a first amended complaint on March 10, 2011. (Dkt. No. 77.)

3. The Court granted Defendant leave on September 13, 2012 to file a motion for summary judgment.

4. The Court should now enter summary judgment in favor of Defendant and against Plaintiff for at least the following reasons: *first*, the economic-loss doctrine bars Plaintiff from recovering in tort; *second*, Chicago Logistics violated the terms of the applicable written warranties, and Plaintiff now cannot seek recovery under the terms of those warranties it finds

favorable; and *third*, in the alternative to the foregoing, the Court should hold, as a matter of law, that the conduct of Chicago Logistics was, as a matter of law: (1) the sole proximate cause of Plaintiff's injury; (2) an assumption of the risk of injury; and (3) negligence equaling more than fifty percent of the total fault.

5. In addition, Plaintiff recently notified Defendant that it has withdrawn and abandoned Count III ("Breach of Written (Express) Warranty"). The Court, therefore, need only address Counts I, II, and IV. In the event Plaintiff seeks to reverse course and pursue Count III, Defendant would still be entitled to summary judgment for the reasons set forth above.

6. For these reasons, and as more fully explained in Defendant's Memorandum of Law in Support of Its Motion for Summary Judgment, filed contemporaneously herewith and incorporated herein by reference, summary judgment for Defendant is proper and should be granted on Counts I-IV of the first amended complaint.

WHEREFORE, defendant, VOLVO TRUCKS NORTH AMERICA, respectfully requests that this Honorable Court: (1) enter summary judgment in its favor and against Plaintiff; (2) award Defendant its costs; and (3) grant such further relief as the Court deems just and reasonable.

Dated: September 27, 2012     Respectfully submitted,

VOLVO TRUCKS NORTH AMERICA, INC.

By: */s/ Stephen M. Mahieu*
    One of its Attorneys

Charles A. LeMoine
Daniel N. Noland
Stephen M. Mahieu
Dykema Gossett PLLC
10 South Wacker Drive, Suite 2300
Chicago, IL 60606
Phone (312) 876-1700

## **CERTIFICATE OF SERVICE**

      I hereby certify that on September 27, 2012, I electronically filed the foregoing document with the Clerk of the Court using the ECF system, which sent electronic notification of the filing on the same day to:

Patrick J. Keating
Anamaria F Cousineau
Keating Law Group LLC
230 W. Monroe St., Ste. 2221
Chicago, IL 60606

                                                    */s/ Stephen M. Mahieu*
                                                    Stephen M. Mahieu