IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **Great West Casualty Company,** as subrogee of Chicago Logistics, LLC<br><br>Plaintiff,<br><br>v.<br><br>**Volvo Trucks North America, Inc.**<br><br>Defendant. | Case Number: **08-cv-2872**<br><br>Honorable Joan Humphrey Lefkow<br><br>Magistrate Judge Morton Denlow |

### PLAINTIFF'S MOTION TO STRIKE WITH PREJUDICE

The Plaintiff, Great West Casualty Company ("Great West"), by its undersigned attorneys, moves this Honorable Court to strike certain portions of the Defendant, Volvo Trucks North America, Inc.'s ("VTNA"), Motion for Summary Judgment (Doc. #: 147), including its Memorandum of Law (Doc: #: 148) and its LR56.1 Statement (Doc. #: 149) (collectively "Motion" or "Motion for Summary Judgment") with prejudice. In support of this Motion, Plaintiff states:

**I. INTRODUCTION**

VTNA sought leave to file a summary judgment motion one year late and weeks before trial, based solely on its claim that it had recently procured a declaration by one witness recanting much of his prior deposition testimony. Based upon that rationale, Great West had no objection to such an otherwise untimely motion, and this Court granted leave.

But the motion filed is far more extensive than VTNA represented. Contrary to its representations, only a small section of VTNA's dispositive motion—the fifth it has filed in this case—deals with an issue of fact that may have been mooted by the declaration. Because VTNA never timely raised economic loss or written warranty defenses in its <u>four</u> prior (and unsuccessful) dispositive motions, and because it has renewed, without good cause, a motion

barring certain damages already decided against it by this Court, Great West moves to strike VTNA's Motion on these issues.

Because VTNA deceptively used a "late" declaration as an excuse to piggyback unrelated, time-barred motions, and has now burdened this Court and Great West with a fifth dispositive motion, this Motion should be granted with prejudice and VTNA barred from further motion practice.

## II. FACTS

This is a products liability action brought by Great West in connection with a November 2006 fire that destroyed a VTNA truck owned by Great West's insured, Chicago Logistics, LLC ("Chicago Logistics"). On May 16, 2008 Great West filed its Complaint. (Doc. #: 1.)

VTNA filed two dispositive motions directed against the Complaint. On August 4, 2008, VTNA filed a Motion to Dismiss only Count IV (Breach of Implied Warranty) of the Complaint (Doc. #: 18), which this Court granted on February 13, 2009 (Doc. #: 26). On April 14, 2009, VTNA filed a Motion to Bar Recovery of Incidental and Consequential Damages (Doc. #: 32), which this Court denied on April 30, 2009 (Doc. #: 35).

On March 11, 2010, Great West, after obtaining leave of Court on a motion (Doc. #: 66), which was fully briefed (Docs. #: 69, 70) filed its First Amended Complaint (Doc. #: 77), leaving Counts I–III substantively unchanged[1] and adding a new Count IV, Failure to Warn (*compare* Doc. #: 1 *with* Doc. #: 77). VTNA then filed <u>two more</u> dispositive motions directed against the Amended Complaint. On April 4, 2010, VTNA filed a Motion to Dismiss Count IV (Doc. #: 85), and, on November 17, 2010, VTNA filed a Motion to Strike Count IV (Doc. #: 108), both of which this Court denied (Docs. #: 99, 111).

---

[1] The Amended Complaint contained slightly modified factual allegations, in order to comply with the heightened pleading standard enunciated in *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544 (2007) and confirmed in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) (*see* Doc. #: 69).

The parties then proceeded with discovery and, on April 19, 2011, Magistrate Judge Denlow set a June 3, 2011 discovery closure date (Doc. #: 119). This case proceeded to trial setting (Doc. #: 124), with this Court twice resetting the trial date (Docs. #: 131, 132), but VTNA never sought leave to file any additional dispositive motions.

Then, in late August 2012, 14 months after discovery closed and just 4½ weeks before the scheduled pre-trial conference, VTNA claims that Thomas G. Amadio, a former fleet manager of Chicago Logistics, contacted its counsel and recanted much of his June 23, 2009 deposition testimony. During his deposition, Amadio testified that Chicago Logistics did not receive an initial recall notice regarding the truck, and did not receive a follow-up recall notice until on or about October 20, 2006. Now, Amadio claims that Chicago Logistics did receive an initial recall notice in Spring 2006, and has signed a declaration prepared by VTNA's counsel to that effect (the "Amadio Declaration").

On September 10, 2012, VTNA filed a Motion for Leave to File Motion for Summary Judgment, indicating "[b]ecause there was previously a question of fact regarding the notice Chicago Logistics received, Defendant did not file a motion for summary judgment before discovery closed on June 3, 2011." (Doc. #: 141, ¶ 12.) VTNA claimed that the "newly-discovered evidence" provided by Amadio removed any questions of fact (Doc. #: 141, ¶¶ 13-14), and that it was now entitled to summary judgment only because:

> (1) Chicago Logistics assumed the risk of damage to the Truck by continuing to operate it in disregard of the recall notices; (2) Chicago Logistics' disregard of the dangers outlined in the recall notices was the sole proximate cause of the Truck fire; and (3) Chicago Logistics' fault exceeded 50% of the total attributable liability

(Doc. #: 141, ¶ 14). Because the Amadio Declaration may have some bearing on these issues, Great West did not object to VTNA filing such a motion late, and

Great West does <u>not</u> seek to strike that portion of the Motion for Summary Judgment asserting those described defenses (Section IV of the Memorandum in Support of VTNA's Motion, Doc. #: 148). However, VTNA's Motion for Leave made no mention of written warranty or economic-loss doctrine issues it now improperly raises, and so Great West moves to strike them.

## III. ARGUMENT

The Motion for Summary Judgment which VTNA actually filed goes far beyond the one VTNA's Motion for Leave contemplated. Rather than asserting a motion on the only defense (assumption of risk) where the Amadio Declaration arguable altered the material facts, VTNA improperly piggybacked three more defenses into the instant motion. First, that the economic-loss doctrine bars recovery. (Doc. #: 148, 3.) Second, that "Chicago Logistics violated the terms of the written warranties." (Doc. #: 148, 5-6.) Third, that the written warranties bar Great West from recovering incidental and consequential damages. (Doc. #: 148, 9.) However, VTNA has waived the economic-loss and written warranty issues, and this Court's prior ruling bars the damages issue.

### A. Standard—VTNA Provided no Justification for Late Filing

Under Federal Rule of Civil Procedure 56(b), "[u]nless a different time is set by local rule or the court orders otherwise, a party may file a motion for summary judgment at any time until 30 days after the close of all discovery." Here, by VTNA's own admission, all discovery ended[2] on June 3, 2011; thus, any dispositive motion must have been filed by July 3, 2011. VTNA has failed to comply with this deadline, despite having had three years to do so.

The only way that VTNA can possibly file a late motion for summary judgment regarding the economic-loss and warranty issues is under Federal Rule

---

[2] On July 12, 2011, Judge Denlow entered an order keeping discovery open to September 6, 2011 for the limited purpose of the parties exchanging proposed stipulations of fact. (Doc. #: 123.) At most, this extended the deadline to file dispositive motions to October 4, 2011.

of Civil Procedure 6(b)(1)(B), which grants a district court discretion to extend the time for a filing after such time has expired, upon "good cause . . . . if the party failed to act because of excusable neglect." While "'things such as misrepresentations'" may constitute excusable neglect, "'an unaccountable lapse'" in time is not. *Abuelyman v. Ill. State. Univ.*, 667 F.3d 800, 808 (7th Cir. 2011) (*citing Priezevoits v. Ind. Bell Tel. Co.*, 76 F.3d 132, 133–34 (7th Cir. 1996)).

In its Motion for Leave, VTNA did not even reference Rule 6(b)(1)(B), much less set forth any facts to establish that its delay in filing was due to "excusable neglect." If anything, VTNA's delay in raising the economic-loss and written warranty issues was nothing more than an "unaccountable lapse" in time, especially given that this case is four years old.

**B. VTNA has Waived the Economic-Loss and Written Warranty Issues**

The economic-loss and written warranty defenses have nothing to do with the Amadio Declaration. Because these issues are not based on any new evidence and VTNA has not otherwise met the "excusable neglect" standard required for raising these issues a year after discovery had closed, VTNA must be considered to have waived these issues.

In its Motion for Summary Judgment, VTNA now argues, for the first time in four years and five dispositive motions, that the economic-loss doctrine – a legal defense bars recovery "for physical damage solely to the product at issue in this action—the Truck." (Doc. #: 148, 3.) This claim has nothing to do with the Amadio Declaration. Instead, VTNA seeks to bar recovery of damages that Great West has sought from the inception of this case: i.e., for physical damage to the truck. VTNA's motion for leave gives no reason whatever for why it should be granted to leave to raise this issue more than a year late, and a motion on this basis must be considered waived. It would be hard to conceive of a rational reason why a party would wait to raise such an issue until this stage.

VTNA's second argument is that Great West cannot recover on its Breach of Written Warranty claim[3] because Chicago Logistics did not comply with the terms of the warranty. (Doc. #: 148, 5.) This argument likewise has nothing to do with the Amadio Declaration. Instead, VTNA seeks to now assert a defense that has been available to it for at least three years. On January 27, 2009, Great West admitted that Chicago Logistics received a recall notice before the subject fire, but did not have the recall work performed on the tractor at issue. (Doc. #: 141-1, ¶¶ 5, 8.) Whether Chicago Logistics received the recall notice in the Spring of 2006 or in October 2006 makes no difference to VTNA's claim: either way, according to VTNA, Chicago Logistics breached the warranty.

In sum, there is no reason why VTNA could not have asserted motions on the economic-loss and written warranty issues earlier, within the time allotted for filing dispositive motions. VTNA has waived these issues and this Court should strike the portions of VTNA's Motion addressing them.

**C. VTNA Cannot Re-Litigate the Incidental and Consequential Damages Issue**

VTNA's third argument is that Great West cannot recover incidental or consequential damages. (Doc. #: 148, 9.) However, on April 30, 2009, this Court denied (Doc. #: 35) VTNA's Motion to Bar Recovery of such damages (Doc. #: 32). Under the law of the case doctrine, a court should not revisit an earlier ruling "absent a compelling reason." *Minch v. City of Chi.*, 486 F.3d 294, 301 (7th Cir. 2007). "This presumption against reopening matters already decided reflects interests in consistency, finality, and the conservation of judicial resources, among others." *Id.*

Here, VTNA has presented no "compelling reason" for this Court to revisit its earlier ruling. While VTNA originally promised that its proposed

---

[3] In drafts of pretrial materials exchanged with VTNA, Great West indicated that it would not pursue this claim at trial; however, Great West has not formally withdrawn this claim.

untimely Motion would be based only on "newly-discovered evidence," this portion of VTNA's new summary judgment motion is nothing more than a cut-and-paste of its previous Motion to Bar. (*Compare* Doc. #: 32, ¶¶5-8 *with* Doc. #: 148, 9-11.) The arguments have nothing to do with the Amadio Declaration, and this Court should strike this portion of VTNA's Motion.

### III. CONCLUSION

VTNA seeks a fifth bite at the apple here. The prejudice to Great West, in terms of legal fees and another six-month delay to the case are patent. VTNA's Motion for Summary Judgment, as filed, greatly exceeds the scope of its Motion for Leave to File, and instead seeks to raise arguments that were either waived long ago or which this Court has already decided. The Amadio Declaration was evidently nothing more than a pretext for VTNA to file a comprehensive summary judgment motion well out of time, and this Court should strike all portions of the Motion regarding the economic-loss, written warranty, and consequential and incidental damages issues.

WHEREFORE, the Plaintiff, Great West, respectfully requests that this Honorable Court enter an order striking such portions of VTNA's Motion (Docs. #: 147–49) with prejudice, and granting any other just and equitable relief.

> Respectfully Submitted,
> Great West Casualty Company
>
> By: \s\Patrick J. Keating
> KEATING LAW GROUP LLC

Patrick J. Keating
KEATING LAW GROUP LLC
230 West Monroe Street, Suite 2221
Chicago, Illinois 60606
312. 759. 7518 direct
312. 759. 7516 fax
pjk@keatinglawgroup.com