**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| GREAT WEST CASUALTY COMPANY, as subrogee of CHICAGO LOGISTICS, LLC<br><br>Plaintiff,<br><br>v.<br><br>VOLVO TRUCKS NORTH AMERICA, INC.,<br><br>Defendant. | <br><br><br><br>No. 08 C 2872<br><br>Hon. Joan H. Lefkow |

## DEFENDANT'S MOTION FOR PARTIAL RECONSIDERATION

Defendant, VOLVO TRUCKS NORTH AMERICA, INC. ("Defendant"), by and through its attorneys, moves this Honorable Court pursuant to Federal Rule of Civil Procedure 54(b) for partial reconsideration of its February 19, 2013 Memorandum Opinion and Order (Docket No. 165) (the "February 19 Opinion") finding that a question of material fact exists regarding whether Chicago Logistics, LLC ("Chicago Logistics") received notice of the Truck recall prior to the November 6, 2006 truck fire.  In support thereof, Defendant states as follows:

## INTRODUCTION

The Court's February 19 Opinion granted Defendant summary judgment on Counts I, II, and IV of the first amended complaint filed by plaintiff Great West Casualty Company ("Plaintiff").  The Court declined to grant summary judgment on Count III, which alleges breach of written warranty, after determining that an issue of fact exists regarding the declaration of Thomas Amadio (the "Amadio Declaration").  The Court also based its denial of summary judgment on the fact that the pre-trial order in which Plaintiff stipulated that Chicago Logistics first received the Recall Notices in the spring of 2006 and again in the fall of 2006 "was still a

draft and never filed with the court." (Dkt. No. 165 at 16, n.13.) Thus, the pre-trial order was not "a binding judicial admission conclusive on this disputed point." (*Id.*)

Defendant now respectfully requests that the Court reconsider its February 19 Opinion regarding Count III because it did not address: (1) Plaintiff's counsel's stipulation on the record in open court that Chicago Logistics received the Recall Notices in the spring of 2006; (2) Plaintiff's response to a request to admit facts in which it admitted that Chicago Logistics received the Recall Notices in October 2006; and (3) the fact that, setting aside Amadio's testimony, the only remaining evidence that could be presented to a jury would be testimony from Defendant's witnesses that at least ten Recall Notices were mailed to Chicago Logistics and none of them were returned to Volvo.

## <u>ARGUMENT</u>

Federal Rule of Civil Procedure 54(b) provides in pertinent part that "any order or other decision, however designated, that adjudicates fewer than all the claims . . . may be revised at any time prior to the entry of a judgment adjudicating all the claims . . . ." Fed. R. Civ. P. 54(b). Motions to reconsider serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence. *Caisse Nationale de Credit Agricole v. CBI Industries, Inc.*, 90 F.3d 1264, 1269 (7th Cir. 1996). The Seventh Circuit has stated that a motion to reconsider is appropriate where: (1) the court patently misunderstood a party; (2) the court made a decision outside the adversarial issues presented to the court by the parties; (3) the court made an error not of reasoning but of apprehension; or (4) there has been a controlling or significant change in law or facts since the submission of the issue to the court. *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990). In matters involving interlocutory orders,

district courts have the discretion to reconsider their decisions at any time. *Cameo Convalescent Center, Inc. v. Percy*, 800 F.2d 108, 110 (7th Cir. 1986).

In reaching its decision on Count III, the Court noted, "[t]he language of the warranties is clear that to obtain the benefit of warranty coverage customers (such as Chicago Logistics) had to bring the vehicles for repair after learning of the defect." (Dkt. No. 165 at 15.) "The key question is thus whether Chicago Logistics knew about the design defect but failed to respond to the recall notices." (*Id*. at 16.) Undisputed evidence before the Court that was not addressed in the February 19 Opinion demonstrates that Chicago Logistics had such notice of the EGR pipes defect but failed to present the Truck for repair. The Court should reconsider its ruling on any one of the following three independent bases:

First, there is no question of fact that Chicago Logistics received the Recall Notices in the spring of 2006. Indeed, Plaintiff's counsel stipulated to that fact on the record in open Court. During a hearing on September 13, 2012, defense counsel reported to the Court that "the plaintiff has stipulated now that Chicago Logistics received the [recall] notice in the spring [of 2006]," and Plaintiff's counsel confirmed by stating "[w]e have stipulated to it . . . ." (*See* Sept. 13, 2012 Report of Proceedings, attached as **Exhibit A**, at 2:10-4:6; Dkt. No. 162, Ex. 12.) That stipulation formalized the verbal stipulation Plaintiff's counsel had made to Defendant's counsel days before the court appearance. That stipulation has never been withdrawn, nor could it be. Accordingly, the evidence before the Court includes an on-the-record stipulation by Plaintiff, through its counsel, that Chicago Logistics received the Recall Notices in the spring of 2006.

Second, there is no question of fact that Chicago Logistics received the Recall Notices a second time in the fall of 2006—weeks before the fire took place. Plaintiff admitted to that fact in response to Defendant's requests for admission. (*See* Plaintiff's Answers to Defendant's First

Set of Requests to Admit Facts, attached as **Exhibit B**, at ¶5; Dkt. No. 149, Ex. 7 ("Great West Admits that Chicago Logistics received a Safety Recall Notice in mid-October, 2006"); Ex. B at ¶12 ("Great West admits that Chicago Logistics received a Safety Recall Notice dated September 2006 in October 2006.")  Despite receiving the Recall Notices, the undisputed evidence also demonstrates that Chicago Logistics did not inform its drivers of the Recall Notices or the need to take special inspection and operational precautions.  (*See* excerpts of dep. of Lorenzo Starks, attached as **Exhibit C**, at 97:12-98:9; Dkt. No. 149, Ex. 9.)  Not surprisingly, the Truck caught fire after being operated in a business-as-usual fashion and without regard for the precautions Defendant urged in the text of the Recall Notices.

Third, by setting aside Amadio's testimony, Plaintiff is left with no evidence supporting its contention that Chicago Logistics never received the Recall Notices.[1]  Indeed, Plaintiff could present to the jury only the testimony of Scott Cordin, who testified that he could not recall whether or not he received the Recall Notices prior to leaving Chicago Logistics' employ. (Dkt. No. 160, Ex. P1 at 12:3-16, 36:4-37:11, 42:14-43:8; 44:3-8.)  The only substantive evidence for the jury's consideration will come from Defendant's witnesses who will testify that: (1) at least ten Recall Notices were mailed to Chicago Logistics; (2) not a single Recall Notice mailed to Chicago Logistics was returned as undeliverable; (3) Chicago Logistics had Recall repairs performed by LaBeau Brothers, Inc. ("LaBeau Brothers") on at least five its trucks in advance of the Truck fire; and (4) LaBeau Brothers always contacted truck owners to discuss recall repairs before proceeding with the repairs, and, therefore, would have contacted Chicago Logistics before installing heat shields on each of its five trucks that were serviced.  (Dkt. No. 163 at 6.)

---

[1] As the Court is aware, notwithstanding Plaintiff's prior judicial admissions to the contrary, Plaintiff incorrectly asserted in its Response brief that Chicago Logistics did not received the Recall Notices until after the Truck fire.

Each of the foregoing issues demonstrates that Plaintiff could never prevail at trial on Count III because Chicago Logistics did not comply with the terms of the Recall Notices and did not present the Truck for repair after learning of the EGR pipes defect. Defendant respectfully requests that the Court partially reconsider its February 19 Opinion and grant Defendant summary judgment on Count III of Plaintiff's first amended complaint.

WHEREFORE, defendant, VOLVO TRUCKS NORTH AMERICA, respectfully requests that this Honorable Court: (1) partially reconsider its February 19, 2013 Memorandum Opinion and Order; (2) enter summary judgment in favor of Defendant on Count III; (3) award Defendant its costs; and (4) grant such further relief as the Court deems just and reasonable.

Dated: March 11, 2013

Respectfully submitted,

VOLVO TRUCKS NORTH AMERICA, INC.


By: _/s/ Stephen M. Mahieu_
One of its Attorneys

Charles A. LeMoine
Daniel N. Noland
Stephen M. Mahieu
Dykema Gossett PLLC
10 South Wacker Drive, Suite 2300
Chicago, IL 60606
Phone (312) 876-1700

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on March 11, 2013, I electronically filed the foregoing document with the Clerk of the Court using the ECF system, which sent electronic notification of the filing on the same day to:

Patrick J. Keating
Keating Law Group LLC
230 W. Monroe St., Ste. 2221
Chicago, IL 60606

                                 */s/ Stephen M. Mahieu*
                                Stephen M. Mahieu