UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| **GREAT WEST CASUALTY COMPANY, as** subrogee of **CHICAGO LOGISTICS, LLC** | ) ) ) ) | |
| **Plaintiff,** | ) ) | |
| vs. | ) ) ) | No. 08-cv-2872 |
| **VOLVO TRUCKS NORTH AMERICA, INC.,** | ) ) ) ) | Judge Joan H. Lefkow |
| **Defendant.** | ) ) ) | |

**MEMORANDUM OPINION AND ORDER**

Presently before the court is defendant, Volvo Trucks North America Inc.'s ("Volvo"), motion for partial reconsideration of this court's February 19, 2013 opinion finding that a question of fact existed precluding summary judgment for Volvo on count III (the breach of warranty count) of the amended complaint of plaintiff, Great West Casualty Company ("Great West"), subrogee of Chicago Logistics, Inc. ("Chicago Logistics"). In its opinion, the court found that a question of fact existed as to when Chicago Logistics learned about the design defect in the truck at issue, Truck 508. For the reasons stated below, the motion (dkt. 166) is denied.

**STANDARD OF REVIEW**

Federal Rule of Civil Procedure 54(b) states that a court may reconsider an interlocutory ruling "at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. P. 54(b). Motions for reconsideration serve the limited purpose to correct manifest errors of law or fact or to present newly discovered evidence.

*Rothwell Cotton Co.* v. *Rosenthal & Co.*, 827 F.2d 246, 251 (7th Cir. 1987). A motion to reconsider serves an important function where the "court has misunderstood a party, where the court has made a decision outside the adversarial issues presented to the court by the parties, where the court has made an error of apprehension (not of reasoning), where a significant change in the law has occurred, or where significant new facts have been discovered." *Broaddus* v. *Shields*, 665 F.3d 846, 860 (7th Cir. 2011) (citing *Bank of Waunakee* v. *Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990)).

## BACKGROUND

Truck 508 caught fire on November 6, 2006 as the result of a design defect. To obtain warranty coverage, customers had to have their vehicles repaired within a reasonable amount of time after learning about a defect. Dkt. 165 at 15. The warranties specifically provided that "[f]ailures resulting from the user's unreasonable delay in making the truck available, after being notified of a potential product problem, are not covered." *Id.* at 4. The key question is when Chicago Logistics knew about the design defect for Truck 508. *Id.* at 16.

Volvo sent two separate sets of recall notices identifying the defect in Truck 508, one in the spring of 2006 and one in the fall of 2006. Thomas Amadio ("Amadio"), a former Chicago Logistics employee, testified at his 2009 deposition that Chicago Logistics did not receive the recall notices in the spring of 2006 and did not receive the second recall notices until October or November 2006. In 2012, Amadio submitted a declaration contradicting his testimony stating that Chicago Logistics did indeed receive the recall notices sent in the spring and fall of 2006. The court found that Amadio's 2012 declaration created a question of fact regarding when Chicago Logistics received the recall notices.

## ANALYSIS

Volvo argues that the court failed to consider the following arguments demonstrating that Great West learned of the defect before Truck 508's fire on November 6, 2006: (1) Great West's counsel stipulated in court that his client received the recall notices in the spring of 2006; and (2) Great West admitted in a request to admit that Chicago Logistics received the recall notices in October 2006. Volvo further argues that setting aside Amadio's testimony, the other evidence belies Great West's argument that Chicago Logistics never received the recall notices.

I.  **Great West's Counsel's Stipulation in Court**

Volvo requests that the court treat Great West's counsel's statement at the September 13, 2012 status hearing as a judicial admission that Chicago Logistics received the spring 2006 recall notices. "Judicial admissions are formal concessions in the pleadings, or stipulations by a party or its counsel, that are binding upon the party making them." *Keller* v. *United States*, 58 F.3d 1194, 1199 n.8 (7th Cir. 1995). A judicial admission is a deliberate, clear, and unequivocal statement made in the course of a judicial proceeding. *Pierce* v. *City of Chicago*, No. 09-cv-1462, 2012 WL 401026, at *3 (N.D. Ill. Feb. 7, 2012).

> During the September 13, 2012 status hearing, the following colloquy took place:
>
> [Counsel for Volvo]: We're here this morning on our motion for leave to file a motion for summary judgment. As your Honor likely saw in the motion, we have been laboring under the impression the last five years that Chicago Logistics, plaintiff's subrogor, did not receive notice of the recall. And we just found out last week that they have had notice since the spring of 2006.
>
> THE COURT: All right. So it sounds to me, if I read this correctly, that you had a witness who denied these things in his deposition and is now repudiating what He said, right?
>
> [Counsel for Volvo]: Correct. And I can tell you that the plaintiff has stipulated now that Chicago Logistics received the notice in the spring, and we think that's the only fact that's important here, and all

3

|                   | the claims [fail] as a matter of law. |
|---|---|
| THE COURT: | All right. |
| [Counsel for GW[1]]: | Your Honor, our position - - this is a strict products liability case. And so if you recall, we were granted leave, about halfway through the case, to include a failure to warn count that referenced federal standards such that they couldn't have even put the truck on the market. So in our view the issue of whether or not we received - - when we received a recall notice - - it was undisputed we have received a second recall notice - - would not go - - if anything, it would be an issue of comparative-type fault under an assumption of risk theory, and there is - - so we don't have any problem with them wanting to do this. Obviously it came up late. So we have no problem with the timeliness issue.<br><br>Our position is that this would be futile at this point, especially given the very late date. ***We have stipulated to it, but - -*** |
| THE COURT: | Well, futile in what? In respect to obviating the need for a trial or futile - - |
| [Counsel for GW]: | Correct. |
| THE COURT: | - - with respect to your claim for failure to warn? |
| [Counsel for GW]: | No. This would relate to one of their affirmative defenses, but it would not be an affirmative defense that would be dispositive as a matter of law. There would still have to be findings of fact as to whether the wording of the notice gave - - the notice, the recall notice, at issue didn't say, don't drive the truck. It said, if the truck - - if you hear a noise, pull over immediately.<br><br>The testimony in this case is that that's - - our guy was on THE road, and by the time he was able to pull over, the fire had already started. So the recall notice doesn't do anything that the Court could decide as a matter of law. |

---

[1] GW is short for Great West.

(Tr. 2–4) (emphasis added).

Great West contends that its counsel's statement that "[w]e have stipulated to it, but . . ." was in reference to contemplated briefing on Volvo's "assumption of the risk" affirmative defense. Read in this light, Great West's counsel's statement was not an unequivocal concession that Amadio's 2012 declaration conclusively determined that Chicago Logistics received the spring 2006 recall notices. In addition, after Volvo moved for summary judgment, Great West withdrew any stipulation that it made in court. *See* Dkt. 159 at 10 n.2; *Solon* v. *Gary Cmty. Sch. Corp.*, 180 F.3d 844, 858 (7th Cir. 1999) ("A judicial admission is conclusive, unless the court allows it to be withdrawn . . .") (quoting *Keller*, 58 F.3d at 1199 n.8). The court thus declines to treat Great West's counsel's statement during the September 13, 2012 status hearing as a binding judicial admission that Chicago Logistics received the recall notices in the spring of 2006.

## II. Great West's Answers to Volvo's Requests to Admit

Volvo further argues that Great West's answers to its requests to admit conclusively establish that Chicago Logistics received the second recall notices in mid-October 2006. In its answers to Volvo's requests to admit, Great West admitted that "Chicago Logistics received a Safety Recall Notice in mid-October 2006" and that "Chicago Logistics received the second Safety Recall Notice dated September 2006 in October 2006." (Dkt. 149 at ¶¶ 5, 12.) Under Rule 36(b), "[a] matter admitted . . . is conclusively established unless the court, on motion, permits the admission to be withdrawn or amended." Fed. R. Civ. P. 36(b); *see also Banos* v. *City of Chicago*, 398 F.3d 889, 892 (7th Cir. 2005) ("Under Rule 36(b), matters admitted are conclusively established. . . . A court, in its discretion, may permit a party to rescind admissions when doing so better serves the presentation of the merits of the case and the party who benefits

5

from the admissions (usually by relying on them) is not prejudiced.") (internal quotation marks omitted).[2]

Great West's admitting to receiving the recall notices in October 2006 does not conclusively resolve whether Chicago Logistics' delay in having the defect repaired was unreasonable to preclude warranty coverage. The warranties specifically provide that "[f]ailures resulting from the user's unreasonable delay in making the truck available, after being notified of a potential problem, are not covered." (Dkt. 165 at 4.) Even in light of Great West's admission that Chicago Logistics received the recall notices in October 2006, the question remains regarding whether Chicago Logistics' delay in having Truck 508 repaired after receiving the second recall notices was unreasonable. Accordingly, the court declines to reconsider its ruling denying summary judgment as to count III..

## III. Other Evidence Showing that No Question of Fact Exists

Volvo last argues that setting aside Amadio's testimony, the evidence demonstrates that Chicago Logistics received the recall notices. Volvo relies on the following evidence: (1) it sent at least 10 recall notices to Chicago Logistics; (2) none of the recall notices sent to Chicago Logistics were returned as undeliverable; (3) LaBeau Brothers Inc. ("LaBeau Brothers") performed recall repairs on at least five of Chicago Logistics' trucks before Truck 508's fire; and

---

[2] In its response to Volvo's Local Rule 56.1 statement of facts, Great West disputed that it received the second recall notice in October 2006. In support of its position that this fact was disputed, Great West noted that "Thomas Amadio testified under repeated questioning that despite a fax sent with a note suggesting the second notice was received October 20, his recollection was that it was received around Thanksgiving – November 20 or so – and that he may have written down the date wrong." Dkt. 160 at ¶ 19. Because Great West never moved to withdraw its admission to Volvo's requests to admit, it cannot now create a question of fact by disputing that it received the second recall notice in October 2006 when it previously admitted this fact.

(4) LaBeau Brothers would have contacted Chicago Logistics before performing the recall repairs thus putting Chicago Logistics on notice of the defect.[3]

Great West, on the other hand, argues that questions of fact still exist. Another former Chicago Logistics employee, Scott Cordin, testified that Chicago Logistics never received the recall notices sent in the spring of 2006. In addition, although Volvo asks that this court set aside Amadio's testimony and focus on facts supporting its case, the court cannot ignore Amadio's 2009 deposition testimony that contradicts his recent 2012 declaration. As the court noted in its opinion, the inconsistencies in Amadio's testimony create a question of fact. Accordingly, Volvo's motion to reconsider based on other evidence separate from Amadio's testimony is denied.

## CONCLUSION

Volvo's motion for partial reconsideration of this court's February 19, 2013 opinion is denied. The case is set for status on Thursday April 18, 2013 at 8:30 a.m.

Dated: April 10, 2013                    Enter: _____
                                                JOAN HUMPHREY LEFKOW
                                                  United States District Judge

---

[3] The court considered these facts when resolving the motion for summary judgment. Accordingly, they are not properly before the court on a motion for reconsideration. Still, in the interest of completeness, the court will consider this last argument.